SANFORD WILLIAMS, *Plaintiff in Error*,

vs.

HARVEY HOLMES, GEORGE WILBER, and CYRUS
J. MITCHELL, *Defendants in Error*.

ERROR TO THE CIRCUIT COURT OF ROCK COUNTY.

In order to give the supervisors jurisdiction to lay out a highway, it is necessary that the petition presented to them for that purpose, be signed by six freeholders of the town.

It is not sufficient, that in the body of the petition it is stated that the "undersigned are freeholders," &c ; but in order to render the petition competent evidence, it must be affirmatively shown that the same is signed by six free holders.

The *onus probandi* is on the party who seeks to avail himself of the petition, and the proceedings under it.

It is incumbent upon the party offering evidence, to make his offer competent in the order, and at the time when it is tendered.

When several defendants in an action of trespass *quare clausum*, plead jointly *liberum tenementum*, the plaintiff must new assign, or proof of joint ownership of any land within the town, will entitle them to a verdict.

But the effect of a notice under the general issue of the defence of *liberum tenementum*, is not the same as that of a special plea.

Where the defendant gives notice of, instead of pleading, *liberum tenementum*, the plaintiff is entitled to meet the evidence introduced under the notice, by testimony of any matter which he might have set up by replication, had the defendant pleaded specially.

By giving notice, the defendant waives all the advantage of information which he might derive from the replication of the plaintiff, had he pleaded.

Where the defendant, instead of pleading *liberum tenementum* to a count in trespass, gives notice, and under his notice proves his freehold, the plaintiff may newly assign by testimony, proving the *locus in quo* and his own title or possession.

The defendant is held to his notice as strictly as he is to a plea, in the introduction of evidence.

Notice, or a plea of a joint freehold, will not allow proof of a several freehold or possession, nor will proof of a several freehold support a plea or notice of a joint freehold.

If there be several defendants, each may plead separately *liberum tenementum* in himself, or all may plead it in one, the others justifying under it as servants or otherwise. But if all plead it jointly, they must show a joint and not a several freehold or possession.

I

Dec. Term
1853.

Williams
vs.
Holmes et
al.

This cause was commenced in a justice's court in the county of Rock, by the plaintiff in error against the defendants in error. The plaintiff filed his declaration before the justice in writing, in a plea of trespass *quare clausum fregit* alleging matters in aggravation, and laying the *locus in quo* in the town of Harmony, in said county of Rock. The defendants pleaded jointly the general issue, and gave three joint notices of special matter to be given in evidence under the plea of the general issue. The said notices were:

*First.* That the *locus in quo* was a public highway, and that the same was obstructed with plaintiff's fences, and that to enable them to pass along the highway they necessarily did the things complained of in aggravation of the breaking the close.

*Second.* That a highway had, before the time of committing the supposed trespasses, been laid out through the said close of the plaintiff, but had not been opened; that the plaintiff had been duly served with a notice, requiring him to remove his fences from said highway, and that he had neglected to do so. That the time in which he was required to remove them had expired, and that the defendants, who then were supervisors of the town of Harmony, proceeded to open said road; and in so doing, committed the said several trespasses complained of.

*Third.* That the *locus in quo* was the close, soil and freehold of the defendants.

The cause was transferred to the County Court in consequence of the notice of title. By change of venue it was removed to the Circuit Court.

The plaintiff proved the commission of the trespasses, as laid in the declaration, and the damage sustained by him, and rested his case. The defendants

then produced the records and papers belonging to the office of the clerk of the town of Harmony, among which was a petition to the supervisors of said town, to lay out a road across, or through the close of the plaintiff, in which the trespasses were proved to have been committed. This petition was signed by six persons. The defendants offered to read the same in evidence to the jury, and the plaintiff objected to the reading thereof, for the reason that it had not been proved to have been signed by six freeholders of the town of Harmony, nor that it had ever been presented to the supervisors of that town.

The court overruled the objection, and permitted the said paper to be read in evidence to the jury, and the plaintiff excepted. The paper is copied at length in the bill of exceptions.

The defendants then produced and offered to read in evidence to the jury two papers, which had been recorded in the book kept for that purpose by the clerk, one purporting to be a survey of the highway mentioned in the petition and the other a certificate signed by Harvey Holmes, George Wilber, and John C. Jenkins, supervisors of the town of Harmony.

The plaintiff objected to the reading of these papers and each of them, and the defendants then produced and offered to read in evidence to the jury, a notice purporting to be signed by the supervisors of the said town of Harmony, dated November 16, 1850, appointing a meeting of the supervisors for the purpose of laying out a road on the same line described in the foregoing papers, on the 30th day of December, 1850. The plaintiff objected to the reading thereof, because there was no evidence showing that it ever had been served upon all the occupants of the lands

DEC. TERM
1853.

Williams
vs.
Holmes et
al.

through which the road was to be laid, and because it was not proved that the supervisors ever acted under the notice, but on the contrary, the evidence already given and the proof offered, if it showed anything, proved that they did not act under it.

But the said court overruled the objection, and decided that it was not necessary for the defence to show that the notice was duly served, that the question could not be raised here upon the service, and that if the supervisors were satisfied, that was all that was required, and that the evidence by which they satisfied themselves, could not be enquired into here; and permitted the said paper to be read to the jury. To which ruling and decision the plaintiff excepted. The said notice was then read in evidence to the jury.

The defendants again offered to read said survey and certificate in evidence to the jury.

The plaintiff again objected for the reason:

1st. It does not appear that any petition for laying out said road was presented to the supervisors before laying the road.

2d. That it is not proved that the petition read in evidence was or is signed by six freeholders of the town of Harmony.

3d. The said petition was presented to the supervisors on or about the date thereof, and they acted upon it, gave their notice for a meeting and finally met to decide upon the matter, and for some want of regularity did not proceed further, and the hearing of said petition and of proceedings under it ceased; that the same petition, or any other, was never again presented to the supervisors, and that the same could not be made use of by the supervisors as the basis of

other new proceedings to lay out the road therein de-
scribed.

4th. That the supervisors did not obtain jurisdiction to lay out said road, cause a survey of it to be made, or to do any act in relation thereto, and that their action was void.

5th. That if the supervisors had jurisdiction to give the notice for, and hold the meeting on the 30th of December, they had no power to adjourn the same to any other time, and could not make the order laying out the road on any other day, unless they showed that the proceedings were continued from day to day without any actual adjournment, except as the proceedings were interrupted by the coming on of night, when they would not be required to work.

6th. That no adjournment, from the 30th of December to the 4th of January, had been proved.

7th. That the paper which is claimed to be an order laying out the road, was no order, but merely a certificate that they had made such an order, or, more strictly speaking, that they had laid out the road, instead of being such an order as the statute requires.

8th. That if the supervisors did lay out the road, there is no evidence that it was done at any meeting duly appointed for that purpose, of which the persons interested had notice.

But the said court overruled the objections, each and every of them, and permitted the said papers to be read in evidence to the jury. The plaintiff excepted, and they were read.

Other evidence was given, but not material to any of the questions of law raised in the court.

The defendant then proved the service of a paper (which was presented, and which purported to be a

Dec. Term
1853.

Williams
vs.
Holmes et
al.
notice to the plaintiff, requiring him to open this road and remove his fences therefrom within thirty days from the service thereof on him) some time in December, 1851. The defendants offered to read the notice in evidence, and the plaintiff objected. The court overruled the objection, plaintiff excepted, and it was read.

The defendants then offered to prove, that at the time of opening this road across plaintiff's land, the defendant Wilber was the owner in his own right of a certain piece of land, describing the same, being in the town of Harmony; that defendant Holmes was the owner in his own right of another piece of land of the same section; and that defendant Mitchell was in possession as tenant under one Lydia Butts, who was the owner in fee of another piece of land. To each of these offers, as they were made, the plaintiff objected. The court overruled the objections; the plaintiff excepted, and the defendants made the proof in accordance with the offers. Hereupon the defendants rested.

The plaintiff offered to show that he was the owner in fee of the land on which the trespasses were proved to have been committed, through which the road was laid, and which was opened by the defendants at the time they opened it; and that the gates and fences thrown down and put out of the way, were upon the land owned by him, and that he was still such owner; that the land through which said road was laid, and on which were said fences, and on which the trespasses were proved to have been committed, was other and different than that shown to belong to either of said defendants; and that said defendants had not, nor had either of them, any right, title or interest in or to the same, or any part thereof. The

defendants objected, the court sustainèd the objection,
and the plaintiff excepted.

Edward Akin, a witness called by the plaintiff; by whom the plaintiff proved that he was one of the persons who signed the petition hereinbefore referred to, and that at the time he signed it he was not the owner of any land in the town of Harmony.

The court charged the jury that if they should find from the evidence that the defendants were owners in fee, or otherwise possessed of land in the town of Harmony, they were entitled to a verdict, and that it was not necessary to prove that they were possessed of any one piece of land jointly; but that proving title to different pieces of land, one in defendant Holmes, and another in defendant Wilber, and possession of another piece by defendant Mitchell, would have the same effect as if the proof had shown them to be joint owners of one piece of land or one close. That this resulted from the state of the pleadings, the defendants having given notice under the plea of the general issue, that they would show on the trial that the close in which the trespasses were committed was the close soil and freehold of the defendants, and that although the notice was a joint notice, yet it would be proved, by showing ownership or possession in each defendant, of a close or piece of land, in the same town, in his own right, and not jointly with the others, and entitled them to judgment, even though from the evidence, the trespasses were shown to have been committed in a close or on a tract of land owned by the plaintiff, and in, or to which, neither of the defendants had any right, title, or interest. To which ruling and decision the counsel of plaintiff excepted. The court further charged the jury, that in order to

DEC. TERM
1853.

Williams
vs.
Holmes et
al.
give the supervisors of a town jurisdiction to lay out a road, the petition presented to them must be signed by six freeholders of the same town in which the road is laid ; and that if they found from the evidence that Edward Akin signed the petition, and had only a contract for the purchase of land, in the town of Harmony, then he was not a freeholder within the meaning of the statute in relation to highways and bridges ; and on that branch of the defence, the plaintiff would be entitled to a verdict. But the court further charged the jury, that, on the other branch of the defence, to wit, title in the defendants, to the close where the trespasses were committed, the defendants were entitled to a verdict, if they had proved, that they, at the time when the trespasses were committed, were owners in fee, or otherwise possessed of any land, in the town of Harmony, either jointly or each in different parcels. To which ruling and decision last above given, the plaintiff excepted.

And thereupon, after the giving of said charge, and before the cause was submitted to the jury by the said court, the counsel for the respective parties suggested and gave the said court to understand, that the counsel for the said defendants, should then move the said court for a nonsuit, upon the grounds and for the reasons stated, and set forth in the said charge of the said court, and to which the plaintiff had excepted ; and that the said plaintiff should not object to the motion, because it was not made at a proper time, but might except to the ruling of the court, in granting a nonsuit upon the questions of law stated and set forth in said charge, and to which he had excepted ; and thereupon the counsel for the said defendants did move the said court to nonsuit the said

plaintiff, and the said court did thereupon, upon the

motion of the said defendants, grant the said motion, and ordered a nonsuit to be entered, and the same was thereupon entered by the court, without submitting the cause to the jury; and the counsel for the plaintiff did then and there in due form of law except to the ruling, decision and order of the said court; waiving, however, all right of exception on account of irregularity arising from the time and manner of granting said nonsuit, but insisting upon his exceptions heretofore taken on the trial and to said charge. " Therefore, it is considered that the defendants go hence without day, and recover of the said plaintiff their costs in this behalf expended, taxed at thirty-six dollars and eighty-nine cents."

The plaintiff in error now brings his writ of error to this court, and assigns for causes, that the declaration aforesaid and the matters therein contained, are sufficient in law for him to have and maintain his action, and that by law the said judgment ought to have been given for him, and against the said defendants in error.

*J. A. Sleeper*, for the plaintiff in error.

I. The evidence given on the part of the plaintiff in this cause, was clearly sufficient to entitle him to judgment against all the defendants; and unless something was proved on the part of the defendants which would constitute a bar to the action, the court should have submitted the cause to the jury.

II. The court, however, committed errors on the trial, in admitting improper testimony on the part of the defendants, when the same was objected to by the plaintiff.

DEC. TERM
1853.

Williams
vs.
Holmes et
al.

1. The fact, that the petition for laying out the road was signed by six freeholders, was a jurisdictional fact, and necessary to be proved before the petition could properly be read in evidence, and the proceedings had by the supervisors under it, proved before the jury.

The supervisors are creatures of the statute, and their acts, in laying out a highway, are authorized by statute ; it is a proceeding contrary to the course of the common law, and the statute must be strictly pursued ; and when their acts are to be used either as the foundation of an action, or basis of defence, it must appear affirmatively, that all things necessary to give them jurisdiction to commence, were done. The statute only gives them power to act upon the application of six freeholders of their town ; *R. S. chap.* 16, *sec.* 50. And when the petition was presented to them, they should have ascertained the fact, not only that the applicants resided in their town, but that they were freeholders of that town ; and these facts should have been proved on the trial, before the petition, notice, survey and order, or rather . certificate of the supervisors, could properly be admitted as evidence. The statement in the application, that they were freeholders, was no evidence of that fact. There can be no intendment in favor of jurisdiction in these cases. Even in courts of general jurisdiction, where the proceedings are authorized by statute, and are contrary to the course of the common law, everything necessary to give the court jurisdiction must be proved ; and nothing will be taken by intendment to uphold the jurisdiction. *Dunning vs. Corwin et al.,* 11 *Wend.* 647 ; *Gallatin vs. Cunningham,* 8 *Cow.* 370 ; *Van Etten vs. Hurst et al.,* 6 *Hill,* 311 ; *Stephen*

*vs. Ely, id.* 607 ; *Sacket vs. Andross,* 5 *Hill,*
327.

2. The court erred in permitting the notice of the meeting of supervisors to be read in evidence, until it had been proved that the same had been served upon all the occupants of the land through which the highway was to be laid. This was the process by which the supervisors obtained jurisdiction of the persons occupying lands to be taken for the public use. It could only issue upon application made by six freeholders, residents of the town of Harmony, and must be served upon all the persons whose rights were to be effected by the board of supervisors. *R. S., chap.* 16, *sec.* 53. They are to be satisfied that it has been duly served, proof of which may be shown by affidavit or otherwise, as they may require. *R. S., chap.* 16; *sec.* 54. Some proof they must have, and it must be legal evidence, incorporated in the record of their proceedings, and forming a part of them, so that all the facts in the case could be proved from the record ; and the decision of the court upon that point was erroneous.

3. The court erred in permitting the certificate to be read to the jury ; it was not an order laying out the highway, it was merely a certificate under their hands, that they had laid out the highway, not the act of laying it out, nor any evidence that they had done so. *R. S., chap.* 16, *sec.* 55.

4. The court also erred in allowing the defendants to prove, under their third notice, that they were each several owners of different and distinct tracts of lands in the town of Harmony ; the notice was joint, and could only be supported by evidence of joint partnership in some one close in the town of Harmony.

Dec. Term
1853.

Williams
vs.
Holmes et
al.

The offers of the defendants to prove title to different lands in Harmony, in Holmes and Wilbur, and possession of a still different piece in Mitchell as tenant, all different from the close or tract in which the defendants, by their own proof, had shown that the trespasses had been committed, were no answer to the plaintiff's action.

The notice was not a statement that any fact existed, but merely that the defendants would show on the trial that the close in which the trepasses were committed was their close, soil and freehold, not of any one of them, but of all. Now the notice differs from the plea of *liberum tenementum ;* the one states that certain facts exist, the other that proof of their existence will be given ; and the statute authorizing this course declares what the effect should be ; to wit, the matter of which notice is given, may be proved on the trial. *R. S., chap.* 93, *sec.* 6.

The proof offered did not sustain the notice ; and when made, constituted no bar, because not sustaining the pleadings. The object, however, of the notice in these cases is, to enable the defendants to have the cause in a court where the question of title could be tried. *R. S., chap.* 18, *sec.* 52. Had the cause been brought in the Circuit Court, the evidence of title in the defendants could have been given under the general issue. 1 *Chitty,* 492–4.

III. The court also erred in rejecting the evidence offered by the plaintiff, of exclusive title in himself, to the lands through which the highway was pretended to have been laid, on which were the fences and gates which defendants had thrown down, and in which the trespasses had been committed in fact. *Ruckman vs. Cowell,* 1 *Comstock,* 505.

The notice was no plea to which any replication could be filed; and the form of the pleadings were not such as to afford the plaintiff an opportun.. ˙ of setting up, by way of novel assignment, the metes and bounds of the close in which the trespasses had been committed, he was therefore entitled to prove the particular close by its metes and bounds, or any other definite description, by way of replication, to the proofs of the matters set out in the notice, after they had been proved.

IV. The charge of the court to the jury, and the granting the nonsuit upon the grounds and for the reasons stated in the charge, were erroneous; the court should have submitted the question of fact to the jury, whether the defendants were owners of, or otherwise possessed of the close in which the trespasses were proved to have been committed. The evidence conclusively showed the fact to be, that the plaintiff was in possession of the *locus in quo*, and there was no evidence showing that either of the defendants had, or claimed, any right, title, or interest therein, or in any part thereof. Had the cause been brought in the Circuit Court, evidence of title in the defendants to the *locus in quo* would have been admissible, under the general issue. The only effect, then, of giving the notice of the special matter contained in the third notice, was to remove the cause to a tribunal which could hear, try and determine the question of title. *R. S.*, chap. 88, sec. 52; 1 *Chitty's Pleadings*, 491–4.

*D. Noggle*, for the defendant in error.

There is but a single point in this case. The ruling of the Circuit Court upon the trial, disposed of

the entire defence set up by the defendants' first and second notices of special matter to be given in evidence under the general issue.

Therefore, the only remaining point in this case is, did the court err in permitting the defendants to prove under their third notice, that each owned different and distinct tracts or parcels of land in the town of Harmony, and in rejecting the evidence offered by the plaintiff below to show exclusive title in himself to the lands through which the highway was laid.

Under our statute, "whenever a defendant shall plead the general issue in an action in which such issue may be pleaded, &c., he may give notice with such plea, of any matters which, if heretofore pleaded, would be a bar to such action, and may give such matter in evidence on the trial." *Rev. Stat.*, sec. 50, *p.* 450.

And by section 52, on same page, it is *provided*, "that in every action where the title to lands shall in any wise come in question, the defendant, at the time he is required to join issue, and not after, may plead specially any plea showing that the title of lands will come in question, or may, under the general issue, give notice to that effect; such plea and notice may be joined with any other proper plea to the action."

Under plea of title, or notice of it, under the general issue, the defendants are at liberty to avail themselves of the defence peculiar to such plea in this action, of showing title to any close in the town of Harmony, and the plaintiff would not be at liberty to new assign in the court above. Should the plaintiff be permitted to new assign, the defendant, in that

case, must necessarily have the liberty to vary his <span>Dec. Term 1853.</span> pleas, which might materially change the issue in the court above from that which was joined in the court below, which is expressly forbidden by section 244, Revised Statutes, chap. 88. <span>Williams vs. Holmes et al.</span>

The plaintiff should new assign before the justice, or take leave to amend his declaration by inserting the true description of the premises. *Ellice vs. Boyer*, 8 *Wend. R.* 504; *Tuthill vs. Clark*, 11 *id.* 642; *Tuthill vs. Clark*, 12 *id.* 207; *Magoun vs. Lapham*, 19 *Pick.* 420–21; *Copel vs. Bean*, 9 *Greenleaf*, 19; 1 *Chit. Pl.* 629; 7 *Halstead R.* 357.

*By the Court*, SMITH, J. The instructions of the court below, in regard to the necessity for a petition to be signed by six freeholders, in order to give the supervisors jurisdiction to lay out a highway, leaves but a single point *necessary* to be examined here. But for the purpose of settling a rule of evidence which is often called in question on the trial of cases similar to the one at bar, we have thought it our duty to consider and determine the question raised upon the competency of the petition for the laying out of the road, as evidence.

On the trial, the defendants offered in evidence, a paper purporting to be a petition for the laying out of the road in question, which was signed by six persons. The body of the petition represented the "undersigned" to be "freeholders and inhabitants of the town of Harmony."

To the introduction of this paper in evidence, the plaintiff objected, on the ground that there was no proof that the persons whose names were signed to the paper, were freeholders of the town of Harmony.

Dec. Term
1853.

Williams
vs.
Holmes et
al.

The court below overruled the objection, and admitted the paper in evidence, but afterwards permitted the plaintiff to show by proof that any or all of the persons who signed the petition were not freeholders ; and finally charged the jury that if it appeared that any one of the six petitioners were not freeholders, the plaintiff would be entitled to recover on that branch of the case.

The question here raised is, whether it is necessary that it should be affirmatively shown, that the petitioners were freeholders, before the petition would be admissible in evidence.

We think the petition of six freeholders of the town is necessary to give the supervisors jurisdiction of the matter of laying out and opening highways. As this is essential to their jurisdiction, and as it is necessary that the matters which give jurisdiction to inferior tribunals should affirmatively appear, and as such jurisdiction is not to be presumed, it is necessary that a strict compliance with the statute shall appear. Therefore, before the paper could serve the purpose of conferring jurisdiction upon the supervisors, it should be shown that the same is signed by six freeholders of the town. A petition signed by others than freeholders, would be utterly nugatory. The property qualification of the signers is that which gives efficacy to the instrument. We think, therefore, that before such a paper can become legal evidence, it must be first shown that it is signed by the requisite number of freeholders of the town, and that it was error to admit it without such preliminary proof. It is incumbent upon the party offering evidence, to make his offer competent in the order in which, and at the time when, it is tendered. In this case, the

Dec. Term
1853.

Williams
vs.
Holmes et
al.

*onus probandi* was on the side of the party offering the petition, and the preliminary proof required as to the character of the signers was requisite, before he had a right to introduce the paper in evidence.

On the trial below, the court permitted the defendants to prove that two of the defendants were each the owner in fee of a separate and distinct parcel of land in the town of Harmony, and that the other was in possession of another parcel in the same town, and instructed the jury, " that the defendants were entitled to a verdict, if they had proved that they were, at the time the trespass was committed, owners in fee, or otherwise possessed of any land in the town of Harmony, either jointly, or each in different parcels." The court also on the trial rejected evidence offered by the plaintiff, showing title and possession in himself, of the *locus in quo* of the trespass.

The declaration was a general court for trespass *quare clausum*, laying the *locus in quo* in the town of Harmony. The defendants pleaded the general issue, and gave notice among other special matters, " that the *locus in quo* was the close soil and freehold of the defendants."

If the defendants had pleaded *liberum tenementum*, they would have driven the plaintiff to newly assign, or the proof of ownership in them jointly of any land in that town, would have entitled them to a verdict. But the effect of a notice is not the same as that of a special plea in all respects. It requires no answer, as does a plea. It only prepares the way for the introduction of evidence which would have been inadmissible without a special plea or notice. But the plaintiff is entitled to meet the evidence introduced under the notice, by any testimony of matter which he might

K

DEC. TERM
1853.

Williams
vs.
Holmes et
el.
have set up by replication, had the defendant pleaded his special matter. By giving notice, the defendant waived all advantage of information which he might have derived from the replication of the plaintiff. Therefore, when the defendant, instead of pleading *liberum tenementum* to a count in trespass, gives notice, and under the notice, proves his freehold, the plaintiff may newly assign by testimony proving the *locus in quo*, and his own title or possession.

In case of a notice merely, the plaintiff cannot newly assign, and to deprive him of the right to prove his own soil and freehold, would be to compel him to set out the *locus* by metes and bounds in the first instance. This, we think, would be giving an effect to a simple notice under the general issue, which the legislature never intended, and which the statute by no means warrants.

On the other branch of the question under consideration, it is proper that we should also express our opinion. We think the Circuit Court erred in permitting the defendants to prove a several freehold or possession under their notice, and in instructing the jury that proof of such several freehold or possession entitled the defendants to a verdict. The defendant is held to his notice in the introduction of his evidence, as strictly as he is to a special plea, and it seems to be clear, that an allegation of a joint freehold will not allow proof of a several, nor proof of a several support a plea of a joint freehold. 2 *Wm. Blackstone*, 1089 ; 1 *Dyer*, 23 ; 1 *D. & E.* 479–259.

The defendants might have given their freehold, if such they had, in evidence under the general issue, in a court of record, (8 *Term R.* 403,) and before the

Dec. Term
1853.

Williams
vs.
Holmes et
al.

justice, such a plea could only have the effect to re- move the case to the appellate court. In the appellate court, such plea could only have been interposed to compel the plaintiff to new assign, and if the defendant seeks to foil his adversary by a resort to the armory of special pleading, he should select a weapon with a hilt as well as a blade. 11 *East.* 51–72; 1 *Saund.* 299; *B. & C.* 489.

If there be several defendants, each may plead separately *liberum tenementum* in himself, or all may plead it in one, the other justifying under it as servants, or otherwise as tenants, &c. But the character of the plea determines the nature of the evidence which is admissible to support it, and the doctrine of variance applies here in all its force, and as strictly in regard to a notice under the general issue as to a special plea in bar. 1 *Saunders on Pl. & Ev.*, 635–6–7; *id. Tit. Variance.*

We think, therefore, that the Circuit Court erred upon this point, both in its ruling as to the admission of evidence, and in the instructions to the jury. As to the other errors assigned, it seems that the instructions of the court to the jury were correct, and it is unnecessary to consider them further.

The judgment of the Circuit Court is reversed with costs, and the cause remanded for a new trial.