DANIEL DOODY, PLAINTIFF IN ERROR, v. PATRICK VAUGHN, DEFENDANT IN ERROR.

**County Commissioners:** JURISDICTION IN LOCATING PUBLIC ROADS. In an application to the board of county commissioners to establish a new public road, the posting of four notices in the manner required by the statute, and the presentation of a petition to the board for such road, signed by at least ten land holders, residents of the county, are essential pre-requisites which must be complied with before the board can acquire any jurisdiction over the subject-matter of the location and opening of such new road.

ERROR to the district court for Lancaster county. Tried below before POUND, J. The case was originally brought by Doody before a justice of the peace, for trespass upon lands. Defendant justified under claim that the *locus in quo* was a public road. Judgment for defendant, and plaintiff appealed to the district court. On appeal, the case was tried upon a stipulation of facts, and affidavit received as a deposition, the suffi-

ciency and competency of the facts and records, as evidence to establish the highway, only being questioned. If plaintiff recover, it was stipulated that judgment should be rendered in his favor for $1 and costs. Further facts appear in the opinion.

*Webster & Burr*, for plaintiff in error, cited *Robinson v. Mathwick*, 5 Neb., 252. *State, ex rel. Sims v. Otoe County*, 6 Neb., 129. *Williams v. Holmes*, 2 Wis., 129. *Ferris v. Bramble*, 5 Ohio State, 109. *In re Wells County Road*, 7 Ohio State, 16. *Damp v. Dane*, 29 Wis., 419. *Thompson v. Multnomah*, 2 Oregon, 34. *Austin v. Allen*, 6 Wis., 134. *Dolphin v. Pedley*, 27 Wis., 469.

*A. C. Ricketts*, for defendant in error.

The board of county commissioners, in opening and locating a highway, under the general road law, act in a *quasi* judicial capacity, and their proceedings, however irregular, will not subject their judgments to collateral impeachment while unreversed. *Heirs of Ludlow v. Johnson*, 3 Ohio, 553. *Sheldon v. Newton*, 3 Ohio State, 494. *People v. Carpenter*, 24 N. Y., 86. *Felter v. Mulliner*, 2 Johns., 457. *Voorhees v. Bank of United States*, 10 Peters, 449. 2 Phillips on Evidence, 4.

If the records and files of the board of county commissioners are regular in form, and contain everything required by the statutes to be preserved and kept, such records and files will prove, *prima facie* at least, that the proposed road has a legal existence. Our statutes nowhere require that the notices of the application for a highway shall be recorded or preserved.

The only record affirmatively required seems to be that mentioned in section 21, which has been fully complied with. The service of notice is no act or part of the

duties of the board of county commissioners, and therefore does not come within the provision of section 41, page 239 of Gen. Stat. *Arnold v. Flattery*, 5 Ohio, 271. *Anderson v. Com. of Hamilton Co.*, 12 Ohio State, 625. *Beebe v. Scheidt*, 13 Ohio State, 406. *Willis v. Sproule*, 13 Kan., 257.

GANTT, CH. J.

This action was brought to recover damages for an alleged trespass by defendant in error upon the lands of the plaintiff. The defendant set up as a defense that the land on which the trespass is alleged to have been committed is a public road, and was used as such road. It is however admitted, " that the road supervisor has never worked the alleged highway across plaintiff's land, and that a wet ravine, impassable for wagons when not frozen over, crosses the alleged highway on one part of the plaintiff's land * * * that the line of the alleged highway never has been used by the public as a wagon road or highway." The main question raised in the case is, whether the board of county commissioners had acquired jurisdiction to act in the matter of the location and opening of the road in question in this case.

Section nineteen of the act relative to roads, declares that " whenever the inhabitants in any county desire the opening of a new road * * * they shall give at least twenty days' notice, by posting a notice on the court-house door, and at three other public places in the vicinity of the road sought to be located * * * setting forth the time when they will apply by petition to the board of county commissioners, giving a particular statement of the location * * * sought to be effected;" and section twenty declares that " upon the presentation of a petition of at least ten land-holders,

residents of the county, after notice given as provided in the preceding section, the board of county commissioners shall proceed to hear the parties interested in the case," etc.

According to these statutory provisions, the posting of four notices in the manner designated, and the presentation to the board of a petition for the road, signed by at least ten land-holders, residents of the county, are essential pre-requisites, which must be complied with before the board can acquire or exercise any jurisdiction over the subject-matter of the location and opening of a new road.

It is true, a petition in this case was presented to the board, signed by a sufficient number of persons, but it does not appear from the record that any of these persons were "land-holders;" and the evidence shows that only two notices were posted, setting forth the time when the application would be made.

In *The Sioux City & Pacific Railway v. Washington County*, 3 Neb., 41, it is held, that "when the acts of officers who exercise judicial functions of limited jurisdiction are questioned, the rule is that they must not only show they acted within the authority granted, but it must also appear of record that they had jurisdiction."

In *Robinson v. Mathwick*, 5 Neb., 255, it is said, that "the board of county commissioners is a tribunal possessed of but very limited jurisdiction, which is clearly defined by the statutes, and it is essential that all the facts necessary under the statutes to authorize their action in any given case, be affirmatively shown. If they presume to act without an observance of these plain statutory requirements, it would be without authority; and whatever they might do would be merely void."

In *State, ex rel. Sims v. Commissioners of Otoe County*, decided at the last term of this court, it is held

that if the notices are not posted in the manner prescribed by law, the county commissioners have no jurisdiction of the case.

In *Williams v. Holmes*, 2 Wis., 144, it is held that jurisdiction of inferior tribunals should affirmatively appear, " and as such jurisdiction is not to be presumed, it is necessary that a strict compliance with the statute shall appear;" that a petition for a new road " signed by others than freeholders would be utterly nugatory;" and " therefore, before the paper can serve the purpose of conferring jurisdiction upon the supervisors, it should be shown that the same is signed by six freeholders of the town."

And in *Damp v. Town of Dane*, 29 Wis., 428, it is again held that a petition, signed by the requisite number of freeholders, is essential to give the board jurisdiction, and that " a deficiency of but one in the required number of qualified petitioners, is as fatal to the validity of the proceeding as would be the absence of any petition."

. It is only necessary to further remark that it seems clear to us, the doctrine laid down in the above cases gives the correct interpretation of the law; it is supported by authority, and is the only safe rule for the guidance of officers who exercise such limited jurisdiction ; for if they could in one instance disregard the plain requirements of the law, then it would be difficult for either legislatures or courts to fix any boundary to their action.

The judgment of the court below must be reversed, and under the stipulation of the parties in the record, judgment is now rendered in this court for plaintiff, Daniel Doody, and against defendant, Patrick Vaughn, for the sum of one dollar and costs.

JUDGMENT ACCORDINGLY.