## H. E. Ball v. David Biggam *et al.*

<div style="float:right">

43   327
53   247

43   327
70   172

43   327
81   310

</div>

1. JURISDICTION *of Justice — Limit.* The amount claimed in a plaintiffs' bill of particulars fixes the jurisdiction of the justice of the peace, and if it be in excess of three hundred dollars, the justice has no jurisdiction of the action.

2. ———— *Appellate Jurisdiction.* On appeal from a judgment of a justice of the peace, the jurisdiction of the district court is wholly and exclusively appellate.

3. APPEAL— *Objection to Evidence — Practice.* Where the defendant takes an appeal from a judgment of a justice of the peace, and files no answer, set-off, or counterclaim, it is sufficient to raise the question whether the court has jurisdiction if he objects at the trial to the introduction of any evidence on behalf of plaintiffs, for the reason the court has no jurisdiction of the subject-matter of the action.

*Error from Shawnee District Court.*

THE opinion states the case.

*W. P. Douthitt,* and *Bennett R. Wheeler,* for plaintiff in error.

*J. B. Johnson,* for defendants in error.

Opinion by HOLT, C.: This action was brought before a justice of the peace of Shawnee county, by defendants in error as plaintiffs, against the defendant. In their bill of particulars, which was filed on the 25th of September, 1884, they asked judgment for $300, and interest from September 14, 1884. A judgment was rendered in favor of plaintiffs in the justice's court, but the amount thereof is not stated in the record. The defendant, Ball, appealed to the Shawnee district court, where the action was tried at the January term, 1887, by the court and a jury, and a verdict rendered in favor of plaintiffs for $350.75. Afterward, the plaintiffs filed a *remittitur* of $50.75 of the verdict, which was allowed by the court, and a motion for a new trial which had been filed was overruled, and judgment entered against defendant for $300 and costs, over his objections and exceptions. In his brief

he presents a single question for our consideration, namely, whether the district court had jurisdiction over the subject-matter of the action.

The defendant filed neither answer, set-off nor counterclaim to the plaintiffs' bill of particulars; but in the district court, after the jury had been impaneled and a witness called for plaintiffs, he objected to the introduction of any evidence, because the bill of particulars did not state facts sufficient to constitute a cause of action, and also for the reason that the court had no jurisdiction of the subject-matter of the action. The plaintiffs say that this objection came too late, and that all questions of jurisdiction had been waived by the defendant taking his appeal and appearing for trial in the district court.

The first question that confronts us is, whether the justice of the peace had jurisdiction of the subject-matter in controversy.    Section 2, procedure civil, before justices, provides:

"Under the limitations and restrictions herein provided, justices of the peace shall have original jurisdiction of civil actions: first, for the recovery of money only, and to try and determine the same where the amount claimed does not exceed three hundred dollars."

This section fixes the jurisdiction of the justice upon the amount claimed.    In this action the amount claimed over three hundred dollars was but a fraction of a dollar, but if we could extend it sixty cents we might extend it sixty dollars.    The language of the statute is imperative; it lays down an arbitrary rule; the line is drawn exactly at three hundred dollars, and the courts have no authority to change or enlarge it. (*Wagstaff v. Challiss*, 31 Kas. 212; *Wilson v. Sparkman*, 17 Fla. 871; *Calloway v. Byram*, 95 Ind. 423; *Elderkin v. Spurbeck*, 2 Wis. 129.)

The plaintiffs concede that ordinarily the jurisdiction that the district court obtains by virtue of an appeal is simply that of the justice's court; but they claim that because the defendant appealed and sought the district court as the forum in

which to try the action, he has waived this rule. The juris-diction of the district court is exclusively and wholly appel-late; its original jurisdiction is not invoked at all. If the justice's court was without jurisdiction, it follows that the district court was also without jurisdiction. If the court had no jurisdiction over the subject-matter of the controversy, ob-jection could be made at any time during the trial in the dis-trict court. The judgment before the justice, being *coram non judice*, was void, and could have been enjoined in an at-tempt to collect the same by execution. Perhaps this method was as speedy and inexpensive as any for contesting in the courts the question whether the judgment of the justice of the peace was void; certainly it was one of the methods open to the defendant.

This decision makes no novel application of the law. In *Cooban v. Bryant*, 36 Wis. 605, the plaintiff obtained a judg-ment against the defendant, who appealed, and the supreme court, reversing the judgment of the trial court, held if the justice's court had no jurisdiction the trial court acquired none by the appeal, and remanded the case with directions to dis-miss the action. This was substantially the rule in *Dillard v. St. L. K. C. & N. Rld. Co.*, 58 Mo. 69, and in *Taylor v. Smith*, 64 Ill. 445. The cases of *Shuster v. Finan*, 19 Kas. 115, and *Bellefield v. Bogart*, 19 id. 117, are not in conflict with this case. In *Shuster v. Finan* there was an agreement of the parties, entered into in writing, to transfer the case to the district court, and no appeal was taken. In *Bellefield v. Bogart* the justice of the peace had jurisdiction originally of the case, and the question of jurisdiction was raised in that case upon an entirely different case than the one raised in this. It was also held in the latter case that no objection was made during the term the action was tried, and when the objection was made it came too late.

The taking of an appeal would waive any question of juris-diction of the person, and all irregularities in the appeal, but there was no waiver of the jurisdiction of the court of the subject-matter by defendant appealing. His objection to the

jurisdiction made in the district court was in time and in the proper manner, and should have been sustained and the action dismissed.

We recommend that the case be reversed, and remanded with directions to dismiss the action.

By the Court: It is so ordered.

All the Justices concurring.