JOHN COLLINS ET AL., PLAINTIFFS IN ERROR, v. LOUIS KELLER, DEFENDANT IN ERROR.

1. The Pleas has no jurisdiction over a suit commenced in the Circuit unless a rule be made by the justice of the Supreme Court and entered according to the statute.
2. Parties cannot, by waiver, cure the want of jurisdiction over the cause.
3. The Pleas cannot try a question of title to lands.

---

On error to the Union Common Pleas.

Argued at November Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE and LUDLOW.

For the plaintiffs in error, *Frank E. Bradner.*

For the defendant in error, *Frederick C. Marsh.*

The opinion of the court was delivered by.

BEASLEY, CHIEF JUSTICE. There are two errors exhibited by the record in this case, either of which necessarily invalidates the judgment.

In the first place, the suit was commenced in the Union Circuit, and the record before us shows that the trial took place in the Union Pleas. The record does not state how it was transmitted from the one court to the other. This can be effected only by an order of the justice of the Supreme Court who is presiding in the Circuit, and such order is essential to the jurisdiction of the inferior court.

It is suggested that as the parties tried their case, without objection, before the Pleas, that they now must be deemed to have waived their right to object to the jurisdictional power of the court. But it is evident that the question is not one relating to the pretermission of a personal right over which the litigants have control, but to the investiture of the court with power to take cognizance of the cause. Many years ago, in the case of *School Trustees* v. *Stocker*, 13 *Vroom* 115, 116, it was declared by this court that "jurisdiction over the *subject-matter of a suit* cannot be conferred by consent, nor can the right to object to the want of it be lost by acquiescence or neglect." In the absence of the order of the Circuit judge, the case, when in the Pleas, was *coram non judice*.

In the second place, on another ground, it appears from the record now in our hands, that the Common Pleas, in this instance, has taken cognizance of a controversy that is plainly outside of its jurisdiction. The action was for damages by reason of the cutting down of certain trees which it was claimed stood on certain lands of the plaintiff, and at the trial this title was disputed. The case was tried by the judge, a jury having been waived, and the first of the judicial findings was "that the plaintiff had the legal title to the land on which the trees had been cut."

This was a question that the Common Pleas could not adjudicate. This tribunal is an ancient one, having been constituted by the ordinance of George II. and the lords of his privy council in 1723, its jurisdiction being defined in these words, viz., "to try and determine all suits, controversies, quarrels and differences that may arise within the said counties between our loving subjects, for any sum above the value

of forty shillings (causes wherein the right or title of any lands, tenements or hereditaments, is in anywise concerned, excepted)." This restriction upon the province of the court has never been abolished or relaxed, and, so far as is known, no court of this class has attempted, until the present occasion, to pass upon the title to land.

In the brief of the counsel of the defendant in error it is contended that by force of the act of 1892 (*Gen. Stat., p.* 1029, § 64), the jurisdiction of the Pleas has been extended so as to embrace all cases pending in the Circuit, and that under that general description controversies touching the title to land are necessarily comprehended. But this argument is founded on an imperfect induction, for it leaves out of the account other legislative expressions that, when considered, remove all uncertainty with respect to the meaning of the section. The statutory language referred to is this: "That when any suit is or shall be pending in any of the counties," &c., "it shall be lawful for any justice of the Supreme Court presiding in that district, at his discretion, to order the process, pleadings and other papers pertaining thereto to be delivered to the clerk of the Inferior Court of Common Pleas of such county, who is hereby directed to file the same in his office and to make an entry in the minutes of said last-named court; and that thereupon said Inferior Court of Common Pleas shall have authority to hear and decide said suit and to *proceed therein in like manner as if the said suit had been originally brought in said court.*"

This last direction of this statutory clause appears very distinctly to repel the theory that the Pleas can receive a case from the Circuit over which it has not original jurisdiction. When such a cause is transmitted it has but one course to pursue; that is "to proceed therein in like manner as if the suit had been originally brought in said court." Applying this direction to the present case the result is indisputable, if this action had been begun in the Pleas for entering the plaintiff's close and cutting down his trees, at the trial all evidence of title would have been excluded; and as this same

method was not applied, according to the mandate of the statute, to the case when transmitted, obvious error has intervened.

Let the judgment be reversed.