## Lottie C. Kemper v. C. C. Lord.
### No. 238.

1. Appellate Jurisdiction — *money demand in petition determines.* Where a motion to dismiss is filed for the reason that the record fails to show that one hundred dollars are involved, if the petition inserted in the case-made shows that more than one hundred dollars is demanded by plaintiff and judgment has been rendered against him for costs, such motion should be overruled.

2. Demurrer — *petition examined, and held sufficient.* Section 87 of the Code of Civil Procedure states what a petition should contain; and where a petition contains all the requirements of such section it states a cause of action, and a demurrer thereto should be overruled.

Error from Jefferson District Court. Hon. Louis A. Myers, Judge. Opinion filed July 16, 1897. *Reversed.*

This was an action commenced by Lottie C. Kemper against C. C. Lord and others, in the District Court of Jefferson County. The plaintiff alleges :

"That heretofore, to wit, on the fifth day of June, 1890, said C. C. Lord and Thomas C. Lord then being partners under the firm name of Lord Brothers, for value received, made, executed and delivered under said firm name to one R. H. Crosby their certain promissory note in writing of that date, by which, for value received, they promised to pay to the order of said R. H. Crosby the sum of $2726.61, six months after date thereof, with interest thereon at the rate of ten per cent. per annum from the date of said promissory note until the sum and interest thereof should be paid ; that plaintiff is now the owner and holder of said note, and that a copy of said note, with all the written indorsements thereon, is hereto attached, marked exhibit 'A,' and made a part of the plaintiff's petition ; that said note, although long past due, remains wholly unpaid, and that said defendants C. C. Lord and Thomas Lord and each of them, al-

though payment thereof has been demanded of them and each of them, have wholly failed and neglected to pay said promissory note, or any part thereof or any interest thereon, except the sum of $62.72, paid thereon, July 1, 1891. That there is now due and payable and wholly unpaid to said plaintiff on said indebtedness and note the sum of $3,426.53 with interest thereon at the rate of ten per cent. per annum from the twenty-first day of March, 1893. . . . Plaintiff further says that said C. C. Lord and Thomas C. Lord, though often requested so to do, have not paid said sum of money, or any part thereof, or any interest thereon, mentioned in said notes.''

The petition contains another count, and asks judgment for $3,426.53, and for the foreclosure of an alleged mortgage and sale of real estate. C. C. Lord demurred to the petition, which demurrer was sustained for the reason that the petition did not state facts sufficient to constitute a cause of action against the defendant, to which ruling the plaintiff excepted. She brings the case to this court for review.

*Gephart & Schaeffer*, for plaintiff in error.
*Wm. F. Gilluly*, for defendant in error.

McELROY, J. The first thing demanding consideration is a motion to dismiss the petition in error for the reason that it does not affirmatively appear that more than one hundred dollars is involved. This position is not tenable. The petition is a part of the case-made and shows that more than one hundred dollars is involved.

The only other question presented is, Does the plaintiff's petition state facts sufficient to constitute a cause of action? It does. It contains the name of the court, the county in which the action is brought, the names of the parties, plaintiff and defendant, a

statement of the facts constituting the cause of action, in ordinary and concise language and without repetition, and contains a demand of the relief to which the plaintiff supposes himself entitled — the recovery of money,— and the amount is stated. The demurrer should have been overruled. There is much in the petition which might be stricken out, but the petition states a cause of action.

The judgment of the trial court is reversed, and the case will be remanded with instructions to the trial court to overrule the demurrer and proceed in accordance herewith.