The St. Louis & San Francisco Railway Company
v. George W. Brown.

No. 478.  (61 Pac. 457.)

1. Jurisdiction —*Amount Claimed —Interest.*  **The** amount
claimed by plaintiff determines the question of jurisdiction, and
interest, if demanded, is part of plaintiff's claim.

2. ——— *Time of Objection—Waiver.*  Want of jurisdiction of
the subject-matter cannot be waived by any act of the parties, and
the question will be considered by an appellate court, though not
raised in the court below.

Error from Cherokee district court;  W. R. Cowley,
judge *pro tem.*  Opinion filed June 13, 1900.  Reversed.

*Gleed, Ware & Gleed*, and *D. E. Palmer*, for plaintiff
in error.

*E. M. Tracewell*, and *C. A. McNeill*, for defendant in
error.

The opinion of the court was delivered by

Schoonover, J. :  Defendant in error, as plaintiff,
brought this action before a justice of the peace to re-
cover damages for a fire alleged to have been set out
by a locomotive, through the negligence of plaintiff in
error.   In the bill of particulars filed by plaintiff,
judgment for $299, with interest thereon from October

26—10 kan. app.

28, 1891, and costs of suit, was demanded. The bill of particulars was filed December 8, 1891, and, including interest, the amount of plaintiff's demand was $301.

Judgment was rendered for plaintiff, and defendant appealed to the district court of Cherokee county, where the case was tried to a jury, which returned a verdict for plaintiff. The court entered judgment upon the verdict and the defendant brings the case here.

Plaintiff in error contends that the subject-matter of the action was not within the jurisdiction of the justice of the peace because the amount claimed was in excess of $300. Counsel for defendant in error insist, however, that as this question was not raised in either the justice or district court it is too late to raise it here.

It is well-settled that the claim for interest is a part of plaintiff's demand and that the amount claimed governs the question of jurisdiction. (*State, ex rel. Egbert, v. Superior Court*, 9 Wash. 369, 37 Pac. 489; *Adams v. Nebraska Savings and Exchange Bank*, 56 Neb. 121, 76 N. W. 421; *Ball v. Biggam*, 43 Kan. 327, 25 Pac. 565; *Kemper v. Lord*, 5 Kan. App. 64, 49 Pac. 638; *Culley v. Laybrook*, 8 Ind. 285; *Ashuelot v. Pearson*, 14 Gray, 521; Wells, Jur. § 105.)

It is also well settled that the question of jurisdiction, when it relates to the subject-matter of the action, may be raised for the first time in the appellate court. (*Hill v. Tionesta Township*, 129 Pa. St. 525, 19 Atl. 855; *Klaise v. State*, 27 Wis. 462; *Detroit Safe Co. v. Kelley*, 78 Wis. 134, 47 N. W. 187; *Brondberg v. Babbott*, 14 Neb. 517, 16 N. W. 845; *Collins v, Keller*, 58 N. J. L. 429, 34 Atl. 753.)

The cases cited by defendant in error have been examined and found not applicable to the facts in this

case.   The courts have observed a broad distinction between cases involving the question of jurisdiction of subject-matter and cases involving the question of jurisdiction of the person.   In the former cases it has been uniformly held that jurisdiction cannot be acquired under any circumstances.   It has been held that jurisdistion cannot be acquired even upon the express agreement of the parties.   In the latter cases it has been held, with an equal degree of uniformity, that the question is one of personal privilege and can be waived by act of the parties, as by appearing generally, etc.

In the case of *Ball v. Biggam,* supra, our supreme court says :

"The plaintiffs concede that ordinarily the jurisdiction that the district court obtains by virtue of an appeal is simply that of the justice court; but they claim that, because the defendant appealed and sought the district court as the forum in which to try the action, he has waived this rule.   The jurisdiction of the district court is wholly and exclusively appellate ; its original jurisdiction is not invoked at all.   If the justice court was without jurisdiction, it follows that the district court was also without jurisdiction.   If the court had no jurisdiction over the subject-matter of the controversy, objection conld be made at any time during the trial in the district court.   The judgment before the justice, being *coram non judice,* was void, and could have been enjoined in an attempt to collect the same by execution."

Also :

"The taking of an appeal would waive any question of jurisdiction of the person, and all irregularities in the appeal, but there was no waiver of the jurisdiction of the court over the subject-matter by defendant appealing."

If the district court could not acquire jurisdiction,

it follows that the judgment rendered in the district court was void, and this court certainly cannot acquire jurisdiction to review a void judgment. The judgment of the district court is reversed, and the case remanded for further proceedings in accordance with the foregoing views.