JOHN R. WILLIAMS ET AL., APPELLANTS, V. EDWARD D. SMITH, ROAD OVERSEER, APPELLEE.

FILED MARCH 18, 1903.  No. 12,498.

Roads: VACATION: CONSTRUCTION OF STATUTE. The proviso in section 3, chapter 78, Compiled Statutes (Annotated Statutes, 6006), "that all roads that have not been used within five years shall be deemed vacated," was intended to apply exclusively to roads that had not been used within five years before the enactment of such section.

APPEAL from the district court for Gage county: CHARLES B. LETTON, DISTRICT JUDGE. *Affirmed.*

*Ernest O. Kretsinger,* for appellants.

*Harry E. Sackett* and *Harry E. Spafford, contra.*

AMES, C.

The plaintiffs are the owners and in possession of lands lying on both sides of a certain section line. A section-line road on and along such section line, and on the plaintiffs' land, was duly opened in 1879, and continuously open to travel until 1892. In the year last mentioned a large bridge on the road was destroyed, whereby the public use of the road was interrupted. Afterward, in the same year, the then owner of the said lands, now belonging to the plaintiffs, and their immediate grantor, erected substantial fences across that portion of the boundaries of the land crossed by the road. In 1899, and after plaintiffs had acquired title to the lands, the defendant, as road overseer of the road district in which the lands lie, duly notified the plaintiffs to remove the fences, as obstructions to a public highway, and that if they should fail to comply with such notice within a reasonable time, he would remove the fences in the manner provided by law. The plaintiffs then commenced this action to restrain the defendant from removing the fences, and a temporary injunction was allowed. On a final hearing, the court found for the defendant and entered a decree accordingly. The plaintiffs appeal.

The only question presented by the record is whether the road was vacated by reason of its nonusage from 1892 to 1899, and the determination of that question depends on another, namely, whether the proviso contained in section 3, chapter 78, Compiled Statutes (Annotated Statutes, 6006), was intended to apply generally, or only to such roads as had not been used for the period of five years prior to the enactment of that section. If it was intended to apply generally, the decree of the district court is wrong and ought to be reversed, otherwise, it is right and should be affirmed.

In *Henry v. Ward*, 49 Neb. 392, 396, IRVINE, C., speaking for the court, says: "The object of section 3 was to remove

all uncertainty as to the existence of highways, first, by continuing in existence all theretofore legally laid out and not vacated; and second, by vacating all such highways as had not been used within five years. This road had not been used within five years, and therefore fell within the terms of the proviso of section 3." From the language quoted it is clear that the learned commissioner construed the proviso in question to apply only to such roads as had not been used for five years prior to the enactment of the law of which the proviso is a part. The language, however, is somewhat broader than was necessary to cover the precise point involved in that case. That, like the present, was an action to restrain the removal of fences across an alleged public road on a section line. The defendants therefore contend that the road was established by the act of 1873, page 959, and that the act of 1879, page 120, the present road law, which includes section 3, *supra,* did not repeal the former act, and did not vacate any road established under such former act, notwithstanding the proviso in said section. It was conclusively shown in that case that the road had not been established prior to 1884, unless by virtue of the general provisions of the act of 1873, and that it had not acquired the character of a public road by prescription or otherwise, after that time. Hence the only question presented was whether the proviso in question applied to section-line roads established by virtue of the act of 1873. The opinion, therefore, from which the foregoing excerpt is taken, so far as it purports to dispose of the question presented in the present case, is *dictum.* Nevertheless, we are satisfied that the construction placed upon section 3 by the learned commissioner who prepared that opinion is the proper one. The first part of the section refers exclusively to roads that had been established prior to the enactment of the law of which that section is part. The verbs "laid" and "vacated" are both in the past tense, and there is nothing in the context to indicate that they were intended to include any other than past acts. The proviso appears to be merely supplemental to the

clause "which have not been vacated in pursuance of law," in the section.

It is recommended that the decree of the district court be

AFFIRMED.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.