ABRAHAM ROSENBERY, APPELLEE, v. MARTIN TIBKE,
APPELLANT.

FILED NOVEMBER 26, 1910.   No. 16,216.

Highways: ESTABLISHMENT: PREREQUISITES. In an application to
the board of county commissioners to establish a new public
road, under the statute in force in 1876, the posting of four
notices in the manner required by the statute, and the presenta-
tion of a petition to the board for such road, signed by at least
ten landholders, residents of the county, accompanied by sworn
proof of the posting of the notices, stating when and where such
notices were posted, are essential prerequisites which must be
complied with before the board can acquire any jurisdiction over
the subject matter of the location and opening of such new road.

APPEAL from the district court for Douglas county:
WILLIAM A. REDICK, JUDGE. Affirmed.

James P. English and George A. Magney, for appellant.

H. C. Brome and Clinton Brome, contra.

FAWCETT, J.

The controversy in this case is over a road on the half
section line running north and south through section 26,
township 15, range 13, in Douglas county. In 1876 the
county commissioners attempted to establish a public road
at the point indicated. In 1893 plaintiff purchased 60
acres of land, 40 acres of which was on one side and 20
acres on the other side of this road. Shortly thereafter
he fenced his land in such a way as to leave a roadway
30 feet in width. Thereafter his neighbors fenced their
lands in a similar manner. Plaintiff also planted fruit
trees upon his land up to his fences. He also planted
evergreen and other trees along the line of the road indi-
cated. In 1908 the defendant, who was the road super-
visor of the district for that year, notified plaintiff to re-
move his fences and trees, stating that it was his intention
as commissioner to improve a road 66 feet in width, and

informed plaintiff that if he did not remove the fences and trees he, defendant, would remove them. Plaintiff thereupon applied for an injunction to restrain defendant from removing the fences, trees, etc. Upon final hearing plaintiff's suit was sustained and an injunction granted as prayed. Defendant appeals.

Plaintiff contends that the proceedings to establish a public road along the half section line in controversy did not accomplish that result. The statute in force at that time provides: "Whenever the inhabitants in any county desire the opening of a new road, or the discontinuance or change of any road heretofore established, they shall give at least twenty days' notice, by posting a notice on the court house door, and at three other public places in the vicinity of the road sought to be located, changed, or discontinued, setting forth the time when they will apply by petition to the board of county commissioners, giving a particular statement of the location, change, or discontinuance sought to be effected." Rev. St. 1866, ch. 47, sec. 19.

Section 20 provides: "Upon the presentation of a petition, signed by at least ten landholders, residents of the county, after notice given as provided in the preceding section, the board of county commissioners shall proceed to hear the parties interested in the case."

The notice of the application to the county commissioners for the location of the road contains nine signatures only, when the statute required ten. This was insufficient. The affidavit of posting the notices recites: "Henry Eicke, being duly sworn, says that four copies of the within notice were posted between the third and tenth days of January, 1876, as follows: One on the front door of the court house and three in the vicinity of the proposed road." It will be seen at a glance that this proof of posting is clearly insufficient as to three of the notices posted. The affidavit says that he posted "three in the vicinity of the proposed road." Where? On a back fence, where no one would ever see them? Were they all posted side by

side or in three different places? The statute required that they be posted in three "public places" in the vicinity of the road sought to be located. The petition finally presented to the board shows that it is based upon the notice and proof of posting, above set out. We have held that "proof of posting the notices should be made by affidavit of the party who posted the same, stating *when, where,* and by whom the notices were posted." *State v. Otoe County,* 6 Neb. 129. And in *Doody v. Vaughn,* 7 Neb. 28, we held: "In an application to the board of county commissioners to establish a new public road, the posting of four notices in the manner required by the statute, and the presentation of a petition to the board for such road, signed by at least ten landholders, residents of the county, are essential prerequisites which must be complied with before the board can acquire any jurisdiction over the subject matter of the location and opening of such new road."

In *Lesieur v. Custer County,* 61 Neb. 612, *State v. Otoe County,* and *Doody v. Vaughn, supra,* and *Robinson v. Mathwick,* 5 Neb. 252, cited by counsel for plaintiff, are approved. The latter case is quoted from as follows: "The board of county commissioners is a tribunal possessed of but a very limited jurisdiction, which is clearly defined by the statutes; and it is essential that all the facts necessary under the statute to authorize their action in any given case be affirmatively shown. In the location of a county road, the commissioners have no jurisdiction, unless the petition mentioned above be presented after due notice thereof has been given. If they presume to act without an observance of these plain statutory requirements, it would be without authority; and whatever they might do would be merely void." We therefore hold that no road was ever legally established by the county at the point in controversy.

But this is not all. There is no evidence in the record to show that the county ever made any attempt to open the road which it had assumed to locate. It was left as

open prairie, the topography being so steep that loaded wagons could not be driven over it. It remained in that condition for about 18 years, and until after plaintiff purchased the land. No attempt was ever made by the commissioners or road overseer to work any portion of the road over plaintiff's land until after plaintiff had built his fences, leaving a roadway 30 feet in width, and had plowed and worked the same so that it could be traveled over. The road overseer then appeared upon the scene and ordered plaintiff to remove his fences so that the road could be worked the full width of 66 feet. Plaintiff refused to comply with the demand, intimating that if it was insisted upon he would fence up the 30-foot road, The road authorities accepted the ultimatum laid down by plaintiff, and thereafter worked to some extent the 30-foot road. Matters continued thus until the second demand made by the defendant in 1908, over 30 years after the abortive attempt of the commissioners to locate a road, as above outlined. Defendant cites and places great reliance upon *Williams v. Smith,* 68 Neb. 329. Counsel say that "the question involved was identically the same as the one under consideration." In this statement we are unable to concur. In that case the road was not only established, but opened in 1879 and traveled from that time until 1892. In the latter year a large bridge on the road was destroyed, whereby the public use of the road was interrupted. After the washing out of the bridge, and in the same year, the owner of the land fenced up the road. Seven years later the road overseer demanded the removal of the fence, whereupon the landowner applied for an injunction, which was denied. That case turned entirely upon the construction placed upon the proviso in section 3, ch. 78, Comp. St. 1899, "that all roads that have not been used within five years shall be deemed vacated." We held that this proviso was intended to apply exclusively to roads that had not been used within five years before the enactment of such section, and that the proviso did not apply to roads which might remain un-

used for any portion of time after the enactment of the section referred to. That case and the one at bar are not at all parallel.

The judgment of the district court was clearly right, and it is

AFFIRMED.

ROSE, J., not sitting.