| 63 | 445 |
| 157 | 426 |
| 63 | 445 |
| 105a | 47 |
| 105a | 48 |

# JOHN P. PHILLIPS

*v.*

# REBECCA QUICK.

POLICE MAGISTRATE *of Centralia—jurisdiction of—whether affected by the constitution of* 1870. The provisions of the charter of the city of Centralia, in so far as they conferred jurisdiction on the police magistrate of that city beyond that conferred by the general law giving jurisdiction to justices of the peace and police magistrates, were abrogated by the constitution of 1870 immediately upon its adoption, the same being repugnant to section 21 of article 6 of that instrument, which declares that "justices of the peace, police magistrates and constables shall be elected in and for such districts as are or may be provided by law, and the jurisdiction of such justices of the peace and police magistrates shall be uniform;" and to section 29 of the same article, which provides that all laws relating to

courts shall be general and of uniform operation, and the jurisdiction, practice, etc., of courts of the same class or grade, so far as regulated by law, shall be uniform.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

Messrs. CASEY & DWIGHT, for the appellant.

Mr. T. E. MERRITT, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action brought by appellee before a police magistrate, against appellant, for the recovery of a judgment on a note. The amount claimed by the summons was $300. Appellant appeared before the police magistrate on the 10th day of March, 1871, the time set for trial, and entered a motion to dismiss the suit for want of jurisdiction, but the motion was overruled and a judgment was rendered against appellant for $285 and costs of suit. An appeal to the circuit court was perfected, and the cause was tried by the court without a jury by consent of parties, when the court rendered a judgment against appellant for $300.90, and five per cent damages and costs of suit, from which this appeal is prosecuted.

In the circuit court, appellant moved to dismiss the suit because the amount claimed exceeded the jurisdiction of the police magistrate before whom the suit was brought, but the motion was overruled and an exception was taken and preserved in the record, and the want of such jurisdiction is now urged as a ground of reversal.

The city charter of Centralia, article 8, section 12, (Private Laws 1859, p. 124,) confers jurisdiction upon the police magistrate to the sum of $250, in the same cases that justices of the peace may hear and determine causes. The charter was amended by act of February 16, 1865, (Private Laws, vol. 1,

p. 256,) so as to extend his jurisdiction to the sum of $500. These are the provisions under which jurisdiction is claimed.

The twenty-first section of article 6 of the present constitution declares that "justices of the peace, police magistrates and constables shall be elected in and for such districts as are or may be provided by law, and the jurisdiction of such justices of the peace and police magistrates shall be uniform." At the time this suit was brought, the general law under which justices of the peace and police magistrates were acting throughout the State only conferred jurisdiction upon them to the extent of $100. It was only by special laws similar in character to this city charter by which a greater jurisdiction was exercised by those officers. The twenty-ninth section of the same article provides that all laws relating to courts shall be general and of uniform operation, and the jurisdiction, practice, etc., of courts of the same class or grade, so far as regulated by law, shall be uniform.

What, then, was the effect of the adoption of the present constitution upon these special acts? It went into effect on the 8th day of August, 1870. (See sec. 12, sched.) These provisions are mandatory and peremptory in their requirements. They declare that the jurisdiction of these officers shall be uniform ; not that it should after some future period, or when the general assembly should so provide, but by the mandate of that instrument. This unequal jurisdiction was, by that body and the people, in adopting that instrument, determined to be an evil, and by this provision they resolved that it should be remedied. But it may be said that constitutional provisions require legislation to carry them into effect. This is true in many cases, but not in all, as will occur to every person on a moment's reflection. In cases where its provisions are negative or prohibitory in their character, they execute themselves. Where that instrument limits the power of either of the departments of the government, or where it prohibits the performance of any act by an officer or

person, no one would contend that the power might be exercised or the act performed until prohibited by the general assembly. The constitution undeniably has as much vigor in prohibiting the exercise of power or the performance of an act, as the general assembly. That body could add to the prohibition penalties and forfeitures if the constitutional prohibition should be disregarded, but the prohibited act would, nevertheless, be void.

Where the constitution requires the performance of an act, but provides neither officers, the means or the mode in which the act shall be performed, in such a case there is no other means of carrying such a provision into effect but by appropriate legislation. In such cases the constitution does not execute such provisions. That instrument, all will concede, may repeal, and does repeal laws which are repugnant to its provisions. The very first section of the schedule declares that all laws in force at the adoption of the constitution, and not inconsistent with its provisions, shall continue to be as valid as if the constitution had not been adopted. This, by implication, says that all that conflict therewith shall be invalid and of no force. In fact, this provision preserves rights of the State and of individuals that would have otherwise been lost. The understanding with all persons is, that a law passed either before or after the adoption of the constitution, which is repugnant to its provisions, must be held to be of no valid force, and precisely as if it had been repealed before the performance of the act.

The provisions of this charter, in so far as they confer jurisdiction on the police magistrate beyond that conferred by the general law giving jurisdiction to justices of the peace and police magistrates, is repugnant to these sections of the organic law, and are to that extent abrogated thereby. The law ceasing to have effect after the adoption of that instrument, this police magistrate could, under the charter, only exercise jurisdiction to the extent that it is conferred by general law upon such officers. This being so, it follows that the police

magistrate in this case exceeded his jurisdiction, and the court below acquired by the appeal no greater jurisdiction, and should have dismissed the suit for want of jurisdiction, and the judgment of that court must be reversed.

*Judgment reversed.*