MICHAEL O'CONNOR

*v.*

PETER LEDDY.

CONSTITUTIONAL LAW—*construction of section* 29 *of Article* 6 *of the constitution of* 1870. Section 29 of Article 6 of the constitution of 1870 provides that "All laws relating to courts shall be general and of uniform operation; and the organization, jurisdiction, powers, proceedings and practice of all the courts of the same class or grade, so far as regulated by law, and the force and effect of the process, judgments and decrees of such courts, severally, shall be uniform:" *Held,* that the object of this provision was to abrogate all special laws in relation to practice, then in force, so that all courts of the same class or grade should be governed by an uniform law; and its effect was immediate upon the adoption of the constitution, and did not depend upon future legislation.

APPEAL from the Superior Court of Cook county.

Messrs. HARDY & HERRICK, for the appellant.

Mr. JAMES LEDDY, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The court below ordered the plea of the general issue to be stricken from the files, because the defendant did not file with it an affidavit of merits, as required by "An act to regulate the practice in the circuit court of Cook county." (Sess. Laws 1853, p. 172.) Judgment by default was thereupon rendered against the defendant.

This act was abrogated by the constitution of 1870. It purported to regulate the practice and proceedings of the circuit court and the court of common pleas of Cook county, and had no application to the other circuit courts of the State.

The constitution (Art. 6, sec. 29,) provides that, "All laws relating to courts shall be general, and of uniform operation; and the organization, jurisdiction, powers, proceedings and practice of all the courts of the same class or grade, so far as regulated by law, and the force and effect of the process, judgments and decrees of such courts, severally, shall be uniform."

The court in which the judgment was rendered is of the same class or grade with the circuit courts throughout the State. Its organization and jurisdiction are the same as the organization and jurisdiction of the circuit courts. Hence, its powers, practice and proceedings should be uniform with the circuit courts.

The plain intent of the constitution was, that all courts of the same class or grade should have a uniform practice, so far as the same was regulated by law. The act in question is wholly inconsistent with such uniform practice. There is a necessary repugnancy between it and the constitution. The

one prescribed a practice in a court in Cook county, of the
same grade as the circuit courts, which was not required, by
any general law, to be adopted by the circuit courts. The
other required that the practice should be the same in all
courts of the same class, so far as the law should regulate it.

The repugnancy between the constitution and this special
act is conceded, but it is contended that the constitution is
prospective in its operation, and an argument is based upon
the words, "so far as regulated by law." It is assumed that
these words refer to future, and not to past, legislation; and
as the legislature had regulated the practice in Cook county
by a law prior to the constitution, such law should stand until
repealed by the law-making power.

These words were inserted in the section for an entirely dif-
ferent purpose. They were intended to distinguish between
any provision of the constitution and an enactment of the
legislature regulating the organization, jurisdiction, powers,
proceedings and practice of the courts. The constitution might
make a distinction, but the law must not. The language, "so
far as regulated by law," does not necessarily refer to future
legislation. It merely indicates, as an exception to the rule
of uniformity in the practice in the courts, any differences es-
tablished by the constitution, and the right and power of all
courts to adopt and enforce rules to facilitate the administra-
tion of the law.

Under our former constitution, the legislature enacted quite
a variety of laws regulating the practice and proceedings in
different circuits. The systems thus established were, to a
certain extent, unlike. There was no uniformity in the prac-
tice in courts of the same jurisdiction in the State. This was
an evil often inconvenient to counsel, and mischievous some-
times to parties. This variety of practice and proceedings in
courts of the same grade, and vested with the same jurisdic-
tion, prevailed in a number of circuits. The suitor might be
familiar with the course of proceedings in one circuit, but in

another he had to learn a practice entirely variant. The constitution intended to remedy this mischief.

Section 22 of Article 4 of the constitution provides against this character of legislation in the future. It prohibits the legislature from the enactment of any local or special law regulating the practice in courts of justice. Thus ample provision was made for the future.

If section 29 of Article 6 has also reference to future legislation only, then the constitution contains two provisions identical in object. A conclusion which leads to such an absurdity should not be made.

As section 22 so clearly prohibits future legislation in regard to practice in the courts, except by general law of binding force throughout the State, we must conclude that section 29 of Article 6 was designed for some other purpose. Its object was to abrogate all special laws in relation to practice, so that all courts of the same class or grade should be governed by an uniform law.

If these local and special laws continued in force until a repeal by the legislature, the constitutional provision was useless, and the evil must exist until the legislature may choose to remove it. The constitution intended uniformity in practice, but the legislature might thwart this intention by a neglect to repeal the obnoxious laws. The operation of the constitution then, in securing uniform practice and proceedings in courts, depends wholly upon the will of the legislature, and not upon the fiat of the people.

Such conclusions are absurd, and defeat the apparent object of the instrument. That interpretation should be adopted which will give efficacy to the constitution and enforce uniformity in practice, rather than one which will impair its operation and make it obligatory only at the pleasure of the legislature. Thus the instrument is made effectual, and the obvious mischief of former legislation is avoided.

A similar construction was given to the constitution in the case of *The People* v. *Rumsey, ante,* p. 44.

See also *Hills* v. *The City of Chicago*, 60 Ill. 86.

We are of opinion that the special act was abrogated by the constitution.

The judgment is reversed and the cause remanded.

*Judgment reversed.*