## DANIEL BLAKE *et al.*

*v.*

## JOHN G. PECKHAM.

COUNTY COURT OF LA SALLE COUNTY—*jurisdiction thereof.* By the act of 1872, extending the jurisdiction of county courts, it is provided that, "in addition to the jurisdiction now conferred by law on the county courts of this State, they shall hereafter have" certain other jurisdiction: *Held,* that this act must be construed in the light of the 29th section of article 6 of the constitution of 1870, which provides "that all laws relating to courts shall be general and of uniform operation, and the organization, jurisdiction, powers, proceedings and practice of the same class or grade　*　*

\*   \*   \*     shall be uniform," and in so construing it, by the words in the act, "in addition to the jurisdiction now conferred by law," must be meant such jurisdiction as had theretofore been conferred on county courts by general and not special laws. And when the act of 1872 went into force, the county court of La Salle county had no longer the right to exercise the extended jurisdiction conferred upon it by the special act of 1865.

APPEAL from the County Court of La Salle county; the Hon. CHARLES H. GILMAN, Judge, presiding.

Messrs. BRUSH & BUTLER, for the appellants.

Mr. E. F. BULL, and Mr. ALFRED ROWE, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was a bill in chancery, filed by the appellee, in the county court of La Salle county, against the appellants, to enjoin the sale of certain premises on the ground that they constitute the homestead of the appellee, who is alleged to be the head of a family, and residing with them thereon.

The counsel for appellants suggest two questions which arise on the record :

*First*—Had the county court jurisdiction of this cause?

*Second*—Is the appellee entitled to the relief prayed for in his bill, or, in other words, will an injunction be granted to restrain a judgment creditor from enforcing his judgment by a sale of the fee in the lands owned by the judgment debtor, notwithstanding such lands constitute his homestead ?

The first inquiry must be answered in the negative, and is conclusive of the present case.

Prior to the adoption of the constitution of 1870, the county court of La Salle county had concurrent jurisdiction with the circuit court of said county, of all matters except crimes and misdemeanors. Session Laws, 1865.

Has that special jurisdiction been repealed by the provisions of the new constitution?

By the 18th section of the 6th article, it is provided that, "county courts shall be courts of record, and shall have original jurisdiction in all matters of probate    *    *    and such other jurisdiction as shall be provided for by general law."

In the 4th section of the schedule, it is provided that in counties that have adopted township organization, the county courts "shall have the same power and jurisdiction they now possess until otherwise provided by general law."

There can be no doubt that, until the act of 1872 went into force, the county court of La Salle county could rightfully exercise the extended jurisdiction conferred by the act of 1865, concurrently with the circuit court in all causes in chancery and at law.

By the act extending the jurisdiction of county courts, in force July 1, 1872, it is provided "that in addition to the jurisdiction now conferred by law on county courts of this State, they shall hereafter have jurisdiction in the following cases:

"1. Concurrent jurisdiction with the circuit court in all that class of cases in which justices of the peace have now or may hereafter have jurisdiction, where the amount claimed or the value of the property in controversy shall not exceed $500."

It is insisted that the legislature did not intend by this act to deprive the county court of La Salle county of its jurisdiction which it had under the act of 1865, for the reason that it is provided that, in addition to the jurisdiction now conferred by law upon the county courts of this State, they shall hereafter have jurisdiction in a certain class of cases named.

We do not think the act will bear such a construction. It must be construed in the light of the 29th section of article 6th of the constitution, which provides "that all laws relating to courts shall be general and of uniform operation, and the organization, jurisdiction, powers, proceedings and practice of the same class or grade    *    *    .*    *    shall be uniform."

When thus construed, the meaning of the act of 1872 is not doubtful. By the words "in addition to the jurisdiction now conferred by law" is meant such jurisdiction as had heretofore been conferred on county courts by general and not special laws. If such was not the true construction of the act, then county courts would not now be of uniform organization, powers and jurisdiction as required by the constitution.

The views of the counsel are not aided by reference to the 4th section of the schedule above quoted. It is a sufficient answer to say that the legislature, by the act of 1872, has provided otherwise, and under its provisions the county court of La Salle county has a more limited jurisdiction, in common with all county courts in the State.

Under the act of 1872, county courts do not have general chancery jurisdiction, and the chancery jurisdiction which the county court of La Salle county had under the act of 1865, having been repealed by the provisions of the new constitution, and the act of the legislature, which provides for a different and more limited jurisdiction in common with all county courts throughout the State, having gone into effect previous to the commencement of this suit, that court had no jurisdiction to entertain the bill in this case.

This view being conclusive of the case, we do not deem it our duty at this time to discuss the second inquiry raised on the record.

The decree is reversed and the bill dismissed without prejudice.

*Decree reversed.*