# JOHN W. TAYLOR

*v.*

## ORANGE SMITH.

64   445
105a  1  48

1. JUSTICES OF THE PEACE—*of the jurisdiction conferred by special laws*—*effect of the new constitution upon the same.* After the adoption of the constitution of 1870, a justice of the peace of Will county could no longer exercise the extended jurisdiction conferred by the special act of March 7th, 1867, but could only exercise jurisdiction to the same extent as conferred upon justices of the peace by the general law of the State in that regard.

2. SAME—*of their want of jurisdiction—when may be taken advantage of.* And where a justice exercises such unauthorized jurisdiction, upon an appeal from his judgment to the circuit court, advantage may be taken of his want of jurisdiction after the trial in the circuit court, and upon a motion for a new trial—the objection being one that is not waived by not sooner taking advantage of it.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. THOMAS H. HUTCHINS and Mr. GEORGE S. HOUSE, for the appellant.

Messrs. HILL & DIBELL, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action, commenced on the 15th day of September, 1870, before a justice of the peace of Will county, upon a demand for $600, wherein judgment was rendered October 1, 1870, against the defendant below (the appellant) for the sum of $153.10 and costs of suit.

By a special act of the general assembly of March 7, 1867, this justice of the peace was invested with jurisdiction to the amount of $600.

The only question presented here is, whether, since the adoption of the present constitution on the 8th of August,

1870, the justice of the peace could rightfully exercise this special extraordinary jurisdiction beyond that which is conferred upon ordinary justices of the peace by the general law of the State in that regard.

This very question was determined by this court in the case of *Phillips* v. *Quick*, 63 Ill. 445, where it was held that the provision of the city charter of Centralia conferring upon the police magistrate there jurisdiction to the sum of $500, was repugnant to sections 21 and 29 of the present constitution, which declare that the jurisdiction of justices of the peace shall be uniform; and that all laws relating to courts shall be general and of uniform operation, and that the practice and jurisdiction of courts of the same class or grade, so far as regulated by law, shall be uniform; and it was held that the provision of the charter, in so far as it conferred jurisdiction upon the police magistrate beyond that conferred by the general law giving jurisdiction to justices of the peace and police magistrates, was abrogated by the above sections of the constitution; and that after its adoption, the police magistrate could, under the charter, only exercise jurisdiction to the extent that it was conferred by the general law upon such officers.

That case was the same in principle with the present, and must govern its decision.

Under the authority of that case, the justice of the peace here, after the adoption of the present constitution, could no longer exercise the enlarged jurisdiction conferred by the special act of March 7, 1867; but thereafter, he could only exercise jurisdiction to the same extent as justices of the peace under the general law bestowing jurisdiction upon them.

It makes no difference that objection to the want of jurisdiction was not made until upon the motion for a new trial in the circuit court.

The objection was not one that was waived by not taking advantage of it sooner.

Even consent could not have given jurisdiction, where the law had not conferred it.

The judgment must be reversed.

*Judgment reversed.*