THE PEOPLE *ex rel.* SAMUEL PEETS *et al.*

*v.*

HELON S. MEAD.

COUNTY COURT—*jurisdiction.* The extended jurisdiction of the LaSalle county court under the act of 1865, was repealed by the constitution of 1870, and that court can now only exercise such jurisdiction as is conferred on county courts by general law.

Mr. THOMAS F. BOWEN, for the relators.

Mr. W. BUSHNELL, Attorney General, for the respondent.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was a petition for a *mandamus* to compel the clerk of the LaSalle county court to issue a summons in a cause wherein relators were plaintiffs and Nehemiah B. Harris was defendant, and where the amount claimed to be due to plaintiffs exceeded the sum of $500.

Respondent refused to issue the process on the ground that the county court of LaSalle county had no jurisdiction in causes where the amount in controversy exceeded the sum of $500.

Under the act of 1865, the county court of LaSalle county had concurrent jurisdiction in all civil causes with the circuit court of that county.

In *Blake et al.* v. *Peckham,* 64 Ill. 362, it was held that the extended jurisdiction conferred by the act of 1865 upon the county court of LaSalle county was repealed by the provisions of the constitution of 1870, and that that court can now only exercise such jurisdiction as is conferred by the general law in force July 1st, 1872. By the provisions of the general law, county courts have no jurisdiction in civil causes where the amount in controversy exceeds $500. Respondent properly refused to issue the process.

The views of the court on the questions raised in this case have been fully stated in the opinion filed in the case of *Blake* v. *Peckham, supra,* and it is not necessary to restate them.

The peremptory writ of *mandamus* is denied.

*Mandamus refused.*