CLARISSA FILKINS

*v.*

HARRY BYRNE.

72b 101|
67a 576|

1. APPEARANCE — *waiver of service.* A defendant, by appearing and pleading in bar, waives all defects in the service of process, or even the want of service.

2. AFFIDAVIT OF MERITS—*striking plea from the files.* It is not error to strike a plea from the files for want of an affidavit of merits, in a case where such affidavit is required by law to accompany the plea.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Mr. HOMER COOK, for the appellant.

Mr. W. H. RICHARDSON, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It has been repeatedly and uniformly held by this court, that a defendant, by appearing and pleading in bar, waives all defects in the service of process, or even the want of service. The rule is so elementary and familiar, that we are unable to understand why the defective return in this case is urged as error, when defendant appeared and pleaded the general issue, and thereby fully submitted to the jurisdiction of the court. There is no force in this assignment of error.

The case of *O'Connor* v. *Leddy,* 64 Ill. 299, was based upon the ground that the Practice Act for Cook county was special, and repealed by the present constitution, which requires the practice of the various courts of the same grade to be uniform. Since then, however, the General Assembly has, by the Practice Act, (See Laws 1871-2, sec. 36, p. 344,) changed the practice, and required pleas in the circuit court, in cases founded on contract, express or implied, for the payment of money, and the defendant is a resident of the county in which the suit is brought, to be accompanied by an affidavit of merits. This, then, required the defendant below to so verify her plea, and, having failed to do so, the court did not err in striking it from the files. We are again at a loss to understand why this error is assigned. as we presume all practicing attorneys must be reasonably familiar with the statute regulating the practice in our courts.

The judgment of the court below is affirmed.

*Judgment affirmed.*