JACOB L. WAYNE *et al.*

*v.*

M. STERN.

AFFIDAVIT OF MERITS — *in trover.* There is no law requiring the appellant, on an appeal from a justice of the peace to the Superior Court of Cook county, from a judgment in trover, to file an affidavit of merits as a precedent to his right to trial on his appeal. The general Practice Act of 1872, as well as the act of 1857, regulating the practice in the courts of Cook county, which is now abrogated, provides for an affidavit of merits only in actions *ex contractu.*

APPEAL from the Superior Court of Cook county ; the Hon. WILLIAM A. PORTER, Judge, presiding.

Mr. GEORGE PAYSON, and Mr. MORTON CULVER, for the appellants.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court :

Appellee brought replevin against appellants, in a justice's

40—75TH ILL.

314        WAYNE *et al. v.* STERN.        [Sept. T.

Opinion of the Court.

court in Chicago; recovered a judgment in trover; and they appealed to the Superior Court. It appeared, upon the face of the justice's transcript, that the action was replevin and recovery in trover, and that appellants were non-residents of the State. The appeal was perfected about the middle of November, 1872, and, on the 4th day of the next succeeding December, the court, as appears by the bill of exceptions, dismissed the appeal for the mere want of an affidavit of merits under the provisions of a statute passed in 1857, applicable only to Cook county, as follows: "All suits pending in the said Circuit Court of Cook county, and Cook county Court of Common Pleas, by appeal from any inferior court, may be dismissed by said courts, unless the appellant shall file an affidavit of merits before the expiration of the rule to plead, *as in other cases.*" All the other cases in which an affidavit of merits was required in said courts, were in actions *ex contractu.* There was never any statute, to our knowledge, requiring an affidavit of merits in the courts in question, when the action was trespass, replevin, or trover. But, in July, 1872, the general Practice Act went into force. The 36th section of that act, providing for affidavits of merits, requires it only in actions upon contract, and where the defendant is a resident of the county where the suit is brought. Nothing could be clearer than that by this General Practice Act, and the provisions of section 29 of article 6 of the constitution, requiring uniformity of practice in all courts of the same class or grade, so far as regulated by law, the special statutes regulating the practice of the courts of Cook county were abrogated. *O'Conner* v. *Leddy,* 64 Ill. 299. There was, then, no law, common or statutory, requiring appellants to file an affidavit of merits in the Superior Court, as a condition precedent to the right to trial in that court, upon their appeal.

To dismiss the appeal for want of such affidavit was palpable error, for which the judgment must be reversed, and the cause remanded.

*Judgment reversed.*