JOHN HART

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

89    407
105a    48

JURISDICTION — *whether city, under its charter, has exclusive jurisdiction over offenses.* Any exclusive jurisdiction, given to any city by its charter, before the adoption of the constitution of 1870, over certain offenses within its limits, has been taken away and abrogated by section 29, article 6 of that constitution, which requires that all laws relating to courts shall be general and of uniform operation, and the jurisdiction, powers, etc., of all courts of the same class or grade, so far as regulated by law, shall be uniform. Whenever jurisdiction of such offenses is conferred by statute upon circuit courts, it operates to take away the *exclusive* jurisdiction before conferred upon municipal corporations.

APPEAL from the Circuit Court of JoDaviess county; the Hon. JOSEPH M. BAILEY, Judge, presiding.

Mr. L. SHISSLER, for the appellant.

Mr. JAS. K. EDSALL, Attorney General, for the People.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This is an appeal from a judgment on a conviction in the circuit court of JoDaviess county, on March 8, 1878, upon an indictment under section 259, Rev. Stat. 1874, p. 391, for keeping open a tippling house on Sunday. The offense was committed within the limits of the city of Galena, and the point made for reversing the judgment is, that the above section of the Criminal Code does not apply to this case—that the city of Galena has exclusive jurisdiction over the subject matter of this offense. As establishing this, reference is made to the following provisions of the charter and ordinance of the city of Galena. The city charter, passed February 15, 1839, contains this provision: Sec. 23. The said city council shall have full and exclusive power and authority * * * "to tax, license, regulate and restrain or prohibit theatrical or other shows, groceries, retailers, tippling houses, houses of entertainment," etc., within said city. Section 4 of the new city charter of the city of Galena, approved January 30, 1857, provides that the city council shall "have full and exclusive power and authority, within the jurisdiction of the city, by ordinance," among other things—

"10. To regulate the selling or giving away of any ardent spirits by any shop keeper, trader or grocer, to be drank in any shop, store or grocery, out-house, yard, garden or other place within the city, except by innkeepers duly licensed."

"12. To license, regulate and restrain tavern keepers, grocers and keepers of ordinaries or victualling, or other houses or places, from the selling or giving away wines and other liquors, whether ardent, vinous or fermented."

"18. To authorize the mayor or other proper officer of the city to grant and issue licenses, and direct the manner of

issuing and registering thereof, and the fees to be paid therefor," etc.

There is the following ordinance passed by the city council of Galena, being section 13 of the ordinances of the city, revised January 18, 1853:

"§ 13. A grocery is hereby deemed to include all houses or places wherein spirituous, vinous or fermented liquors are retailed in less quantities than one quart, except druggists, by whom such liquors may be disposed of for purposes purely medical, mechanical or sacramental. Every person applying for a grocery license shall first execute a bond in the penalty of $500, to be approved by the mayor and council, conditioned that he or she will keep an orderly house and will not permit any unlawful gaming or riotous conduct in his, her or their house. Grocery license shall be granted for a term not less than six months, and at the rate of $100 a year. *Be it further enacted*, that no grocery store shall be kept open, or shall entertain therein company on Sunday; and that the mayor and city council, upon formal complaint and satisfactory proof thereof to them, that the privileges herein granted to grocery or tavern keepers have been abused, or that the person to whom license was granted had violated any of the within provisions, shall immediately thereupon revoke or suppress such license."

This ordinance was in force at the time of the passage of the new city charter of January 30, 1857, which contained this section:

"§ 14. All ordinances, regulations and resolutions now in force in the city of Galena, and not inconsistent with this act, shall remain in force under this act until altered, modified or repealed by the city council, after this act shall take effect."

The defendant was engaged in keeping a grocery in the city of Galena, being regularly licensed by the city council.

The position of appellant is, that the above ordinance was in force at the time of the finding of the indictment; that under these cited provisions of the city charter, and this ordi-

nance, the exclusive power and authority to punish the defendant for keeping open his grocery on Sunday, on this occasion, was in the city of Galena, in the manner pointed out in the ordinance; that the subject of groceries and tippling houses within the limits of the city of Galena has been committed by the legislature to the city of Galena, to license, regulate, suppress; that the city council had exercised the power, and that the complaint should not have been made before the grand jury, but before the city council, as provided for by the ordinance, and that the remedy is not by indictment, followed by fine and imprisonment, but to make satisfactory proof before the city council and have the license revoked or suppressed; that the latter is the sole remedy and punishment.

By an act of the General Assembly, entitled " An act defining the duties of grand juries in the county of JoDaviess," approved February 12, 1855, it was enacted, " That it shall be the duty of the grand jury of the county of JoDaviess, at any regular or special term of the circuit court of said county, to duly inquire into and true presentments make, by bill or indictment, of all and every person or persons who shall violate the laws of this State by selling alcoholic drinks, without license from the proper authority so to do, or by keeping open houses on Sunday, or by keeping disorderly houses, whether such person or persons shall have violated such laws within the corporate limits of the city of Galena, or any other part of said county ; and any law conflicting with the provisions of this bill is hereby repealed." In the revision of 1874, among the great number of repealed acts named in the general repealing act, appears this act of February 12, 1855, as one of the acts there repealed. At the same time with this repeal, there went in force this enactment of the legislature: " Whoever keeps open any tippling house or place where liquor is sold or given away upon the first day of the week, commonly called Sunday, shall be fined not exceeding $200. Sunday shall include the time from midnight to midnight." Rev. Stat. 1874, p. 391, secs. 259, 260.

"The provisions of any statute, so far as they are the same as those of any prior statute, shall be construed as a continuation of such prior provisions and not as a new enactment." Rev. Stat. 1874, p. 1012, sec. 2. Under the Revised Statutes of 1845, there was the offense of keeping open a tippling house on the Sabbath day or night. Rev. Stat. 1845, p. 174, sec. 127. The provisions of the act of 1874 differ, however, in prescribing a different punishment, and defining the time Sunday shall include.

Questions arise here, whether, after the new city charter of 1857, exclusive power and authority over the subject of this offense was in the city of Galena, or whether the provisions of the special act of February 12, 1855, making the offense punishable by indictment in the circuit court of JoDaviess county, continued still to apply so long as that act remained in force, and if they did, whether it was the effect of the repeal of that act in 1874, to leave in full force the exclusive jurisdiction of the city of Galena under its charter of 1857. These are questions which we do not find it necessary to consider, as there is another ground upon which we must hold there is no exclusive power and authority over the subject matter of this offense in the city of Galena, and that is, the operation of the constitution of 1870.

By section 29, article 6, of that constitution, "All laws relating to courts shall be general, and of uniform operation; and the organization, jurisdiction, powers, proceedings and practice of all courts, of the same class or grade, so far as regulated by law, and the force and effect of the process, judgments and decrees of such courts severally, shall be uniform." It is inconsistent with this section of the constitution that after the adoption thereof, exclusive jurisdiction over this offense should be in the city of Galena, and the circuit court of JoDaviess county not have cognizance thereof. All other circuit courts of the State have jurisdiction of this offense, when committed in the respective counties of such courts, they having cognizance thereof by indictment in such courts; and if

the circuit court of JoDaviess county be held an exception in this respect, and not to have cognizance of the offense, then its jurisdiction in this respect will be anomalous, and not uniform with that of the other circuit courts of the State. This would be inconsistent with the constitutional provision, that the jurisdiction of all courts of the same class or grade shall be uniform.

Any exclusive jurisdiction, then, which there may have been in the city of Galena in respect to the subject matter of this offense, before the adoption of the present constitution, must be held as having been taken away and abrogated by the adoption of that constitution, as being inconsistent with the above cited provision thereof. Numerous are the instances where this court has held provisions of prior special statutes to have been abrogated, upon the adoption of the present constitution, as being inconsistent therewith, among which may be found *O'Connor* v. *Leddy,* 64 Ill. 299, *People* v. *Rumsey,* ib. 44, *Chance* v. *County of Marion,* ib. 66, *Hills* v. *City of Chicago,* 60 id. 86, *People* v. *McRoberts,* 62 id. 38, *Phillips* v. *Quick,* 63 id. 445.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*