## JOHN CAMPBELL
## v.
## TOWN OF LEWISTON.

ORDINANCE—RIGHT OF APPEAL.—A charter of a town which gives ex-
clusive jurisdiction of cases under it to police magistrates, and restricts the
right of appeal to the circuit court, is in conflict with the general law, and
void. Justices of the peace have concurrent jurisdiction with police magis-
trates in such cases, and an appeal may be taken to the county court.

APPEAL from the County Court of Fulton county; the Hon.
S. P. CUMMINGS, Judge, presiding. Opinion filed July 2,
1880.

Mr. J. S. WINTER, for appellant; that the right of appeal
cannot be restricted by ordinance against the provisions of gen-
eral law, cited Cooley on Con. Lim. Chap. 4, § 30; State Bank
v. Knapp, 16 How. 280; Mt. Carmel v. Wabash Co. 50 Ill. 69.

Messrs. GRAY & WAGGONER, for appellee; that the legislature
cannot change or take away rights granted to a town by its
charter, cited 1 Dillon on Mun. Corp. § 54; Ottawa v. County
of La Salle, 12 Ill. 339; Covington v. City of East St. Louis,
78 Ill. 548.

HIGBEE, J. The town of Lewistown commenced a suit before
a justice of the peace of Fulton county, in July 1879, against
appellant for a violation of an ordinance of said town, and re-

covered a judgment for $200, from which appellant appealed to the county court of said county, where on motion of appellee, the appeal was dismissed and a judgment rendered against appellant for costs.

From this judgment, appellant appeals to this court. The charter of the town, passed in 1857, authorizes the election of a police magistrate, and provides that " he shall have exclusive jurisdiction of all cases arising under the ordinances of the corporation;" and " that appeals shall be allowed in all cases arising under the provisions of this act, or of any ordinance passed in pursuance of this act, to the Circuit Court of Fulton county."

The only reason assigned for dismissing the appeal, was that the charter above quoted restricted the right of appeal to the circuit court.

The general laws of the State confer jurisdiction upon justices of the peace, to try all cases for the violation of town ordinances, where the amount claimed does not exceed two hundred dollars.

And Sec. 62 of Chapter 79 of the Revised Statutes, gives an appeal in all such cases to either the circuit or county court. Section 59, of Chapter 37, gives the county courts jurisdiction in all cases of appeals from justices of the peace or police magistrates.

So far as the charter of the town of Lewistown attempts to give exclusive jurisdiction to the police magistrate, to try cases for the violation of the ordinances, or to restrict the right of appeal to the circuit court, it is in conflict with the general laws of the State; and these provisions are also in conflict with Section twenty-nine, of Article six of the Constitution of 1870, which provides that: " All laws relating to courts, shall be general and of uniform operation; and the organization, jurisdiction, powers, proceedings and practice of all courts of the same class or grade, so far as regulated by law, and the force and effect of the process, judgments and degrees of such courts, severally, shall be uniform."

The object of this provision was to establish absolute uniformity in the proceedings of courts of the same class throughout the State.

It was not a mere guide to future legislation, but it was intended to remedy an existing evil, by abrogating all special legislation in conflict with it, immediately on its adoption.

To give the police magistrate of Lewistown exclusive jurisdiction to hear and determine all complaints for violations of the ordinances of the town, while by the general law in all other parts of the State, all justices of the peace have jurisdiction over the same class of cases, would be to destroy the uniformity intended to be secured by the Constitution; and this objection applies with equal force to the provision of the charter restricting an appeal to the circuit court, when in all other parts of the State an appeal in such cases could be taken either to that or the county court as the suitor might elect. But this question has been so fully settled by the Supreme Court as to need no further argument from us. Philips v. Quick, 63 Ill. 445; People, *ex rel.* v. Ely et al. 64 Ill. 44; O'Conner v. Leddy, 64 Ill. 299; Black et al. v. Peckham, 64 Ill. 362; People, *ex rel.* v. Mead, 66 Ill. 135; Hart v. The People, 89 Ill. 407.

The county court erred in dismissing the appeal, and the judgment of that court is reversed and the cause remanded.

Reversed.