Boynton v. Holcomb et al.

49    503
151s   294

1. *Mechanics' Liens—Repealing Statutes—Saving Clause.*—Where a decree for a mechanics' lien was rendered, and afterward, and before any further proceedings were had thereunder, an act of the legislature went into effect repealing the law under which the decree was rendered, and without any saving clause, as to proceedings begun and pending under the repealed law, *it was held*, that a sale by a master, under the decree, was unauthorized and void. By the repealing act, all right to proceed under the decree was taken away.

2. *Statutes—Repeal and Saving Clauses.*—Where a statute is repealed without any saving clause, as to all proceedings pending under it, except such as are past and closed, it must be considered as if the statute had never existed.

3. *County Courts—Chancery Jurisdiction.*—The County Court of De Kalb County was not invested with chancery jurisdiction by the act of 1863.

4. *Mechanics' Liens—Chancery Jurisdiction—Proceeding to Foreclose Not a Chancery Proceeding.*—The act of the legislature approved April 25, 1873, providing that in all cases where chancery jurisdiction has been conferred upon County Courts by special enactment, and such chancery jurisdiction has been repealed or has ceased to exist by virtue of the act in force July 1, 1872, all causes pending, together with the records, files and papers pertaining to such chancery jurisdiction, shall be transferred to the Circuit Courts, does not contemplate statutory proceeding to enforce a mechanics' lien.

5. *Redemption—Under Void Judicial Sales.*—If a judicial sale is void, it follows as a logical sequence that a subsequent redemption by a judgment creditor and a sale under his judgment is void.

6. *Decrees of Court—By Whom Executed.*—A decree of the Circuit Court can be legally executed only by an officer of the Circuit Court.

7. *Estoppel—Doctrine of—When Applied*—The doctrine of equitable estoppel can not be applied to a person who has been guilty of no fraud, simply because, under a misapprehension of the law, he has treated as legal and valid an act which, though void, has been open to the inspection of all.

8. *Estoppel in Pais—Fraud.*—An estoppel *in pais* is based upon a fraudulent purpose and a fraudulent result. Before it can be invoked to the aid of a litigant, it must appear that the person against whom it is to be invoked, has, by his words or conduct, caused him to believe in the existence of a certain state of things and induced him to act upon that belief. If both parties are equally cognizant of the facts, and one has acted under a mistaken idea of the law, the other party can not say he has been deceived thereby, and is entitled to the application of the rule.

9.    *Estoppel—Essential Elements.*—The essential elements of an estoppel *in pais* are, misrepresentation or concealment of material facts, ignorance of the truth of the matter by the party to whom the representations were made, and reliance upon his part in acting upon the representations.

10.    *Real Estate—Clouds upon Title.*—A judicial sale of real estate made under a void decree, and subsequent sales on redemption, are clouds upon the title of real property.

**Memorandum.**—Bill for an injunction. Appeal from a decree rendered by the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the May term, A. D. 1893. Opinion filed December 12, 1893.

The statement of the facts is contained in the opinion of the court.

APPELLANT'S BRIEF, HOPKINS, ALDRICH & THATCHER, ATTORNEYS.

Where a statute is repealed, it must be considered, except as to transactions past and closed, as if it had never existed. \* \* \* The repeal of a statute conferring jurisdiction, takes away all right to proceed under the repealed statute, even in suits pending at the time of the repeal, unless they are saved by a clause in the repealing statute. Ill. & Mich. Canal Co. v. South Chicago, 14 Ill. 334; Assessors v. Osbornes, 9 Wallace 575.

It is clear that when the jurisdiction of a cause depends upon a statute, the repeal of the statute takes away the jurisdiction. And it is equally clear that where a jurisdiction conferred by a statute is prohibited by subsequent statute, the prohibition is so far a repeal of the statute conferring jurisdiction. Insurance v. Richie, 5 Wallace 544; Norris v. Crocker, 13 Howard 429.

The doctrine of estoppel *in pais*, or equitable estoppel, is based upon a fraudulent purpose, and a fraudulent result. If, therefore, the element of fraud is wanting, there is no estoppel; as if both parties are equally cognizant of the facts, and the declaration or silence of one party produced no change in the conduct of the other, he acting solely upon his own judgment. There must be deception and

change of conduct in consequence, in order to estop a party from showing the truth.   Davidson v. Young, 38 Ill. 152 ; Herman on Estoppel, §§ 428, 798, 969 ; Bigelow on Fraud, 467; Hill v. Epley, 31 Pa. 331, and Mills v. Graves, 38 Ill. 465.

CHAS. WHEATON and D. J. CARNES, attorneys for appellees.

OPINION OF THE COURT, HARKER, P. J.

On June 29, 1872, on a petition to enforce a mechanics' lien, the County Court of De Kalb County rendered a decree in favor of R. Ellwood & Co., as material-men, for the sum of $534.58, against W. C. Wilcox, and the premises described in the petition, consisting of one hundred and six acres of farm land.   The decree provided that unless Wilson, or some of the parties made defendant with him as mortgagees or otherwise, should within a day named, pay the sum found due and costs, the land should be sold by Charles Kellmum, a special master appointed for that purpose.   The proceedings were had under an act of the legislature passed in 1863, conferring upon the County Court of De Kalb County concurrent jurisdiction with the Circuit Court, in all suits and proceedings at common law or by statute.

Two days after the decree was rendered, July 1, 1872, there went into effect an act repealing the law of 1863, without any saving clause as to proceedings begun and pending under the old law.

On the 14th of December, 1872, the special master sold the premises, and Ellwood & Co. became the purchasers. On the 10th of March, 1874, there was a redemption from the sale to Ellwood & Co., under a judgment in favor of Norman C. Warren, and against Wilcox, and on the 13th of April, 1874, a sale on execution was made by the sheriff to George P. Wild, for $1,425.   On the day of the sale to Wild, Daniel Pierce and Moses Dean, as judgment creditors of Wilcox, redeemed from that sale, and the sheriff advertised the land for sale under their execution.

Thereupon, appellant, who had been a mortgagee of Wil-

cox, and had, prior to the sale by the special master, received a deed of conveyance from Wilcox, filed a bill in the Circuit Court of DeKalb County, to enjoin the sale advertised under the Pierce and Dean execution, and for a decree setting aside the special master's sale, and all the proceedings had thereafter by way of redemption. A temporary injunction restraining the contemplated sale was granted, and after pending for a period of thirteen years, the cause was sent to the Circuit Court of Kane County on change of venue. There was a hearing at the October term, 1892, of the last named court, and a decree rendered dissolving the injunction and dismissing the bill.

We entertain no doubt upon the proposition that the sale by the special master on the 14th of December, 1874, was unauthorized and void. By the repealing act of 1872, all right to proceed under the repealed statute was taken away. There was no right to proceed under the decree rendered before the repealing statute went into effect, because there was no saving clause as to pending proceedings, as is usually the case where a law is repealed. Where a statute is repealed without such saving clause it must be considered, except as to proceedings passed, and closed as if it had never existed. Illinois and Michigan Canal Co. v. South Chicago, 14 Ill. 334; Blake v. Peckham, 64 Ill. 362; Assessors v. Osbornes, 9 Wallace, 570.

The case of Elwood & Co. v. Wilcox, was continued on the docket of the County Court of DeKalb County from term to term, after the repeal of the law conferring jurisdiction, with report of sale by the special master, undisposed of until November, 1873, when it was transferred to the Circuit Court of that county. The Circuit Court at its November term, 1874, confirmed the report of sale by the special master. The transfer, it is claimed, was authorized by virtue of an act of the legislature, approved April 25, 1873, providing:

"In all cases where chancery jurisdiction has been conferred upon County Courts by special enactment, and such chancery jurisdiction has been repealed, or has ceased to exist by vir-

tue of said act in force July 1, 1872, all causes pending, together with the records, files and papers pertaining to such chancery jurisdiction, without regard to the amount in controversy, are hereby transferred to the Circuit Court of the respective counties." And that " All liens which may have been credited, and all rights which may have accrued under and by virtue of any chancery proceedings in said courts, are hereby transferred to the said Circuit Court, to be there preserved and in force in the same manner as if original jurisdiction thereof had been taken by said Circuit Court."

It is contended that the transfer of the cause under that act, and the subsequent confirmance of the sale by the special master, must be held to relate back to and render valid the sale, and that the proceedings are *res adjudicata* and can not be attacked in the manner sought. It would seem to be a sufficient answer to that contention that the County Court of DeKalb County was not, by the act of 1863, invested with chancery jurisdiction, and that the enabling act of 1873 did not contemplate the statutory proceedings instituted by Ellwood & Co. against Wilcox. But if it be conceded that the enabling act did include such proceedings, an insurmountable objection to that contention is, that the sale was made after the repeal of the act of 1863, and before the passage of the enabling act. By the repealing act of 1872, the proceedings ceased to have vitality. There was no power to execute the decree. There was no such officer as special master of the County Court, and when the person who had held that office before it was legislated out of existence assumed to act, his acts were absolutely void. If the enabling act of 1873 had the effect to revive mechanics' lien proceedings incomplete in the County Court, when its jurisdiction was taken away, then only would the Circuit Court be authorized to take up the proceedings at the stage where they were at the time of the repeal. The decree could be executed only by an officer of the Circuit Court.

If the sale were void, as we hold, it follows as a logical sequence, that the subsequent redemption and sale under the Warren judgment was void.

The redemption could give no vitality to the previous sale made, as it was by a person having no authority whatever, and under a decree which had at the time no vitality. Mulvey v. Carpenter et al., 78 Ill. 580.

It is insisted, however, that the Warren judgment was Boynton's judgment, procured by him in the name of Warren; that Boynton furnished the redemption money, and ordered the sale which was made by the sheriff to Wild, and that by reason of his action in that regard, he recognized the special master's sale as valid, and is estopped from saying that sale was void. The case lacks several of the essential elements of an estoppel. In the first place, the proof is not clear and convincing that Boynton procured the judgment and redemption and ordered the sale. And, if it be conceded that he did, it does not appear that he acted with a fraudulent purpose, or that Pierce and Dean have lost anything thereby. The entire proceedings in the County and Circuit Courts were preserved in public records open to inspection.

Applying the law, they knew the sale by Charles Kellmum was void, and that every step taken after the rendering of the decree was of no effect. How were they deceived? Certainly by no concealment of fact or fraud on the part of Boynton. He may, if regarded as the author of the first redemption, have labored under a mistaken notion of the law, and considered the sale as legal. It is a novel idea in the law of estoppel, that the doctrine should be applied to a person who has been guilty of no fraud, simply because under a misapprehension of the law, he has treated as legal and valid an act void and open to the inspection of all. As we understand the doctrine of estoppel *in pais*, it is based upon a fraudulent purpose and a fraudulent result. Before it can be invoked to the aid of a litigant, it must appear that the person against whom it is invoked has by his words or conduct caused him to believe in the existence of a certain state of things, and induced him to act upon that belief. If both parties are equally cognizant of the facts, and one has acted under a mistaken idea of the law, the other party

can not say he has been deceived thereby, and is entitled to an application of the rule, but will be considered as having acted upon his own judgment solely.

The essential elements are, misrepresentation or concealment of material facts, ignorance of the truth of the matter by the party to whom the representations were made, and reliance upon his part in acting upon the representations. 2 Story's Equity Jurisprudence, 1543; Davidson v. Young, 38 Ill. 152; First Nat. Bank of Quincy v. Ricker, 71 Ill. 439; Dinet v. Eilert, 13 Brad. 99; Herman on Estoppel, 969.

Upon the title of appellant the sale of December 14, 1872, and the subsequent sale on redemption were clouds, and the contemplated sale on the Pierce and Dean execution would, if completed, be a further cloud. He was entitled to the relief sought, and the Circuit Court should have granted it. The decree will therefore be reversed, and the cause remanded with directions to the Circuit Court to enter a decree in accordance with the views expressed in this opinion.