## City of Windsor v. The Cleveland, Cincinnati, Chicago & St. L. Ry. Co.

1. CITY CHARTERS—*Provisions Repealed by State Constitution.*—Section 21, article 6, of the constitution of 1870, providing that justices of the peace, police magistrates and constables shall be elected in and for such districts as are or may be provided by law, and the jurisdiction of such justices of the peace and police magistrates shall be uniform, repeals that part of a city charter granting to the president of the city council exclusive jurisdiction in all cases arising under the ordinances of the corporation, and concurrent power and jurisdiction with justices of the peace in all civil and criminal cases within the county, arising under the laws of this state.

2. APPEALS—*From Judgment Rendered by a Person Possessing No Judicial Powers.*—The taking of an appeal from a pretended judgment rendered by a person possessing no judicial powers, will not give the Circuit Court jurisdiction.

3. PRACTICE—*Questions of Jurisdiction Raised by Motion to Dismiss Suit.*—The question of jurisdiction may be raised by motion to dismiss the suit.

Prosecution for Violating an Ordinance.—Appeal from the Circuit Court of Shelby County; the Hon. SAMUEL L. DWIGHT, Judge presiding.

Heard in this court at the May term, 1902. Affirmed. Opinion filed
November 1, 1902.

R. M. PEADRO and E. A. RICHARDSON, attorneys for appellant.

GEORGE F. McNULTY and HAMLIN & KELLY, attorneys
for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

The city of Windsor was incorporated in 1865 by special
act of the legislature which gave to the president of the
city council " exclusive jurisdiction in all cases arising under
the ordinances of the corporation and concurrent power
and jurisdiction with justices of the peace in all civil and
criminal cases within the county of Shelby arising under
the laws of this state." The city has continued under its
special charter since that date.

On the 20th of August, 1901, R. M. Tull, as president of
the city council, acting under the power conferred by the
special charter, issued a summons against appellee to answer
an alleged charge of violating an ordinance of the city by
running a train of cars at a greater rate of speed than ten
miles per hour within the corporate limits, and afterward
rendered judgment against appellee for $50 and costs. An
appeal was prosecuted to the Circuit Court where a motion
was made by appellee and sustained by the court to dismiss
the suit upon the ground that Tull, as president of the city
council, had no jurisdiction to try cases for violation of an
ordinance.

Section 21, article 6, of the constitution of 1870, is as
follows:

" Justices of the peace, police magistrates and constables
shall be elected in and for such districts as are, or may be,
provided by law, and the jurisdiction of such justices of the
peace and police magistrates shall be uniform."

The constitution is self-enacting and the section quoted
had the effect to repeal that part of the charter of the city
of Windsor, which gave to the president of the city council
judicial power as a justice of the peace. Phillips v. Quick,

63 Ill. 445; People v. Palmer, 64 Ill. 41; Taylor v. Smith, 64 Ill. 445; Fisher v. National Bank, 73 Ill. 34; Hart v. People, 89 Ill. 407; Law v. People, 87 Ill. 385. Tull, as president of the city council, therefore, had no authority to issue the summons, try the cause or render judgment.

It is contended by appellant, however, that by prosecuting an appeal from the judgment, appellee acknowledged the jurisdiction of Tull and gave to the Circuit Court full jurisdiction to try the case. It is a well-settled and familiar principle that an appeal from a judgment rendered against a defendant by a justice of the peace without jurisdiction of the defendant's person, gives the Circuit Court full and complete jurisdiction of his person. But the taking of an appeal from a pretended judgment rendered by a court without jurisdiction of the subject-matter, or by a person possessing no judicial powers, would not give the Circuit Court jurisdiction. An appeal from a pretended judgment entered by a constable assuming to act as a justice of the peace in the absence of that official would not give the Circuit Court jurisdiction to try the cause; and on motion of defendant, the suit should be dismissed for want of jurisdiction to try the cause. The judgment rendered by Tull has no greater force or dignity.

That the question of jurisdiction could be raised by motion to dismiss the suit, is abundantly established by authority. Phillips v. Quick, 63 Ill. 445; Taylor v. Smith, 64 Ill. 445; Frantz v. Fleitz, 85 Ill. 367.

The Circuit Court properly dismissed the suit and the judgment will be affirmed.